**Bobby Wayne GRAHAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40903.**

Court of Criminal Appeals of Texas.

Jan. 17, 1968.

Emmett Colvin, Jr. (on appeal only), Mike Barclay, Dallas, for appellant.

Henry Wade, Dist. Atty., John Emmett and William S. Mason, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Robbery by Assault with Firearms; the punishment, ninety-nine (99) years confinement in the Texas Department of Corrections.

The police lineup procedure used in the identification of the appellant after the alleged robbery and his apprehension is urged as error on the ground that it vio-

lated the due process rights of the appellant under the Fourteenth Amendment, United States Constitution.

The trial commenced on December 5, 1966, and sentence was pronounced March 13, 1967.

The State's brief cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149, and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L. Ed.2d 1178, and calls our attention to the fact that such decisions have no application to confrontations, lineups, or showups conducted prior to June 12, 1967, as were the ones in the case at bar. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L. Ed.2d 1199. This is true but it is simply no answer to the contention advanced by appellant.

Appellant's claim of due process violation is independent of the exclusionary rules announced in Wade and Gilbert, which were fashioned to deter law enforcement authorities from exhibiting an accused to witnesses prior to trial for identification purposes without notice to and in the absence of counsel absent an intelligent waiver by the accused.

Demonstrating the independence of appellant's contention, it is observed that appellant's learned counsel, in presenting this ground of error, does not even cite Gilbert and Wade.

In Stovall v. Denno, supra, the Court said:

"But the certainty and frequency with which we can say in the confrontation cases that no injustice occurred differs greatly enough from the cases involving absence of counsel at trial or on appeal to justify treating the situations as different in kind for the purpose of retroactive application, especially in light of the strong countervailing interests outlined below, *and because it remains open to all persons to allege and prove, as Stovall attempts to do in this case, that the con-frontation resulted in such unfairness that it infringed his right to due process of law.* See Palmer v. Peyton, 359 F.2d 199 (CA 4th Cir.1966)" (Emphasis Supplied)

\*   \*   \*   \*   \*   \*

"We turn now to the question whether petitioner, although not entitled to the application of Wade and Gilbert to his case, is entitled to relief on his claim that in any event the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law. This is a recognized ground of attack upon a conviction independent of any right to counsel claim. Palmer v. Peyton, 359 F.2d 199 (CA 4th Cir.1966)"

In speaking of the test to be applied in such cases, the Supreme Court in Stovall v. Denno, supra, said: "\* \* \* a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it \* \* \*." See also Crume v. Beto (CA 5th Cir.), 383 F.2d 36.

It is by this rule that we must pass upon appellant's ground of error.

State's witnesses, Judith Lynn Sharp, Larry Smith, and Carroll Slavens, all of whom were present during the robbery, made no in court identification of the appellant. Of these, only Judith Lynn Sharp, who was shot during the robbery, related that she had viewed a lineup and had not identified anyone. There was no showing that appellant appeared in such lineup.

State witnesses Bobby Stovall, Larry Howard, and Gilbert J. Orsak, all of whom had adequate opportunity to observe the appellant during the robbery, who apparently unlike the other two participants in the robbery, was hatless and not masked, made in court identification of the appellant. On cross-examination it was revealed that each of these witnesses had viewed several lineups prior to trial (December 5,

1966) and that at one of such lineups each had selected appellant from a lineup of four or five men as one of the participants in the robbery at the Tom Thumb Supermarket No. 28 on May 9, 1966, in Dallas County, Texas. There is no showing that appellant was present in any lineup in which any witness did not identify anyone who participated in the robbery. Further, there is no showing that the law enforcement authorities took any action to suggest to any witness that the appellant in their minds was the guilty party. In fact, Bobby Stovall expressly denied that the police had given him any names or had told him who would appear in the lineups. The record does not reflect that any witness was shown a photograph of appellant or that he was exhibited singly to any witness.

It is true that the witnesses Howard and Orsak were unsure of exactly at which one of the three or four lineups they viewed that they had identified appellant. Further, none of the three witnesses could recall appellant's position among the four or five men exhibited to them in the lineup or lineups at which he was identified by each of the witnesses, nor whether at the time he wore a hat. These witnesses further evidenced some difficulty in recalling the races or nationalities of the other men who were present in the lineups. This is somewhat similar to the situation in Stovall v. Denno, supra, where none of the witnesses could recall the words used when the accused had been asked to speak at his confrontation with the victim of the crime.

■ Appellant lays great stress upon the fact that the jury, during their deliberations on guilt or innocence, sent a note to the court asking for information as to procedure used in a police lineup, which the trial court properly refused to answer.

■ Viewing all the circumstances together, however, and keeping in mind that all three witnesses had adequate opportunity to view appellant at close range during the robbery, we find nothing in the particular record before us to indicate the in court identification of the appellant by these three witnesses was the result of any suggestive influences of the police. We therefore conclude that this appellant has not been deprived of due process. See State v. Hill (Mo.) 419 S.W.2d 46; State v. Batchelor (Mo.) 418 S.W.2d 929; State ex rel. Ford v. Tahash (Minn.1967) 154 N.W. 2d 689. Cf. People v. Ballott (1967) 20 N.Y.2d 600, 286 N.Y.S.2d 1, 233 N.E.2d 103.

■ Appellant urges additional error on the ground that the trial court erred when he failed to grant a motion for mistrial when the extraneous offense of automobile theft was injected into evidence by the State.

This ground of error is predicated upon Officer Elwonger's testimony as follows:

"Q. Did you have an occasion, Officer, to do any investigation on a robbery at Tom Thumb Supermarket at 424 Bruton Terrace?

"A. Yes, an investigation pertaining to it.

"Q. All right, and what aspect of this investigation was turned over to you?

"A. The stolen car report.

"Appellant's Counsel: If the Court please, I'm going to have to object to that.

"The Court: Sustain it.

"Appellant's Counsel: It would be a conclusion.

"The Court: Sustain it.

"Appellant's Counsel: We further object on the grounds that it is prejudicial and inflammatory to the extent that we move for a mistrial.

"The Court: Overrule the motion for a mistrial.

"Appellant's Counsel: Exception.

"Q. Did you have an occasion to go to Murry Auto Sales on South Buckner?

"A. Yes, I did.

"Q. Did you have an occasion to talk with anyone located there at the auto sales?

"A. Yes, I did.

"Q. Without going into the conversation, Officer, was the automobile later returned to that auto sales company on South Buckner?

"Appellant's Counsel: I'll object to that.

"The Court: Sustain it.

"Q. Did you see the automobile later?

"A. No, I had no occasion to see it.

"Q. Did you talk with one or more persons there at the auto company?

"A. One man.

"Q. After you talked with that man, did you continue your investigation of the robbery that had been assigned to you or the aspect of it that had been assigned to you?

"A. Yes sir, the aspect of it."

Prior to the foregoing the State's testimony reflects that after the robbers left the supermarket, the scene of the robbery, they drove away in a black 1964 Impala Chevrolet bearing license plate numbers KKH 771, and that shortly thereafter a car of the same description bearing the same license numbers was found abandoned by a police officer a quarter of a mile from the supermarket. It was determined that the automobile was registered to an automobile sales company.

We conclude from the testimony offered and the court's ruling thereon that no error. is presented.

■ Appellant contends that the record proof of his two prior convictions at the penalty stage of the proceedings to show his prior criminal record (Article 37.07, Vernon's Ann.C.C.P.) was hearsay and violated his rights under the Fourteenth Amendment to the Constitution of the United States.

In addition to the fingerprint cards which were admitted without objection, certified copies of the records of the Texas Department of Corrections were admitted into evidence for the purpose of establishing as an historical fact the two prior convictions. This method of proof is authorized by statute and was made in accordance with that approved by this Court. Article 3731a, V.A.C.S.; Broussard v. State, Tex. Cr.App., 363 S.W.2d 143; Jackson v. State, Tex.Cr.App., 402 S.W.2d 742.

Only recently Robertson v. State, Tex. Cr.App., 418 S.W.2d 678 was decided adversely to the ground of error advanced by appellant. We adhere to that ruling.

Further, appellant seeks reversal on the ground the trial court erred in refusing to grant his motion for mistrial when the assistant district attorney, over objection, applied the parole law in his argument to the jury at the penalty stage of the proceedings.

Prior to the argument complained of appellant's counsel in his argument discussed punishment, deterrent, and rehabilitation. Recognizing that this was not a minimum penalty case and recalling the prior criminal record he recommended to the jury that the 25 year old appellant be confined until he was thirty-three years old, and that eight years would be a proper sentence.

Thereafter the prosecutor argued as follows:

"State's Counsel: This man has shown by his conduct that he wants to go big time. He moves from burglary up to armed robbery after he has been released from the penitentiary. The course of this robbery and his conduct show you that he is not a fit subject for rehabilitation.

"Mr. Barclay talks about rehabilitation. He tells you that he wants this man to be down there until he is thirty-three years old. That doesn't mean that he should have a seven-or eight-year sentence. You should give him enough time to where he will have to spend eight years in the penitentiary, which doesn't—

"Appellant's Counsel: I'm going to object to that; that's highly improper.

"State's Counsel: He brought it up, Your Honor.

"The Court: Wait a minute.

"State's Counsel: He brought it up, Your Honor.

"Appellant's Counsel: Then I'll object to it as being prejudicial.

"The Court: I'll sustain it.

"State's Counsel: We have a right to answer him, Your Honor.

"The Court: I have put in my charge there that the jury is not to consider how long it will take for him to serve his sentence under any circumstances. That is a matter for the Board of Pardons and Paroles and the Governor of the State of Texas.

"Appellant's Counsel: If the Court please, I'll make an objection to the statement as being prejudicial to the extent that we're entitled to a mistrial and I so move.

"The Court: Overruled.

"Appellant's Counsel: Exception.

"State's Counsel: The Judge has given you your instructions, ladies and gentlemen. The Board of Pardons and Paroles will determine when and if and perhaps never this man will be a fit subject for rehabilitation. Mr. Barclay talks about punishment. You can go on up to as many years as you want to give him as long as you give him enough time down there where you think he's going to have to stay and at least have a chance to be rehabilitated."

To this last statement of State's Counsel there was no objection.

It is a matter of common knowledge that inmates are released on parole from the Texas Department of Corrections, but the jury, in a felony case, in determining the punishment to be assessed, is not authorized to resort to or apply the parole law. Argument urging them to do so is highly improper.

We cannot agree, however, that the argument here complained of "applied" the parole law as urged, and we feel the facts distinguish this case from Hernandez v. State, Tex.Cr.App., 366 S.W.2d 575.

Appellant's counsel first broached the subject of rehabilitation to the jury. His general objections to the State's subsequent argument was only that it was improper and prejudicial. Such objections did not mention the parole law. After the objections were sustained appellant did not ask for an instruction to the jury but we note that the trial judge recalled, in the presence of the jury, his written admonishment to the jury on the subject of parole.

Under the circumstances presented, we conclude the refusal of the mistrial did not constitute error.

The judgment is affirmed.