**Dwain Douglas DORSEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42379.**

Court of Criminal Appeals of Texas.

Dec. 3, 1969.

Rehearing Denied Feb. 18, 1970.

Charles W. Tessmer, Frank S. Wright, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tolle, Charles Caperton, Tom Reese, Malcolm Dade and Kerrry P. FitzGerald, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder; the punishment, 99 years.

The indictment alleged that appellant did, on or about the 19th day of December 1966, voluntarily and with malice aforethought kill Charles Adran Barnard by shooting him with a gun.

The state elected not to seek the death penalty. Appellant entered a plea of not guilty and filed application for probation.

The trial began on April 18, 1967, Retired District Judge W. C. Dowdy having been assigned by the Presiding Judge of the First Administrative Judicial District under authority of Art. 200a Vernon's Ann.T.S. to Criminal District Court of Dallas County for a period beginning April 18, 1967, "for the trial and disposition of any and all matters pending on the docket of such court and which may come before him while filling this assignment."

Verdict of guilty was returned and appellant elected to have the jury assess the punishment. On April 20, 1967, the jury returned a verdict assessing the punishment at 99 years and judgment was rendered.

Formal motion for new trial, filed April 21, 1967, was overruled and on May 8, 1967, sentence was pronounced by Hon. J. Frank Wilson, now deceased, Judge of Criminal District Court. Notice of appeal was given and noted in the sentence.

The record on appeal was approved on August 24, 1967, by Judge Wilson who extended the time for filing appellant's brief to December 15, 1967, and the time for filing the state's brief to March 15, 1968.

The final order refusing to grant appellant a new trial and for the prompt transmission of the entire record and briefs to this court was made by Judge Wilson's successor now Judge of Criminal District Court of Dallas County, Hon. Jerome Chamberlain, on July 17, 1969. Such record and briefs were filed in this court on July 23, 1969, and the appeal was submitted on briefs and argument on November 12, 1969.

We first direct attention to certain matters included in the record on appeal forwarded to this court which occurred after the record on appeal had been approved, namely a motion requesting a hearing in reference to a motion to vacate the judgment of conviction which was denied by Hon. J. Frank Wilson on December 14, 1967, and the motion upon which hearing was denied.

The motion to vacate the judgment challenges the qualification of assigned Judge W. C. Dowdy to serve in the capacity of or to execute the official duties of the office of District Judge on the ground that he failed to receive a majority of the votes cast at the general election held on November 3, 1964, as a candidate for reelection as Judge of the 59th Judicial District, Hon. David H. Brown having defeated him.

█ If before us, we find no merit in appellant's contention that Judge Wilson erred in denying the motion for hearing, nor do we find merit in the contention that Judge Dowdy's loss of the general election in November 1964 "deprived him of of the de jure office of district judge" or his right to retire at or before the expiration of his term of office.

Judge Dowdy's term of office did not expire until January 1, 1965. His defeat in no way interfered with his rights as a retired judge under Art. V, Sec. 1-a, Constitution of Texas (added Nov. 2, 1948, amended Nov. 2, 1965), Art. 6228a, Sec. 2, and Art. 200a V.A.T.S.

The motion contains no allegation of fact which if true would support the contention that Judge Dowdy was not qualified to preside at appellant's trial.

The sufficiency of the evidence to sustain the conviction is not challenged. That appellant shot the unarmed deceased with a .38 caliber revolver is undisputed.

The state's evidence was that appellant came out the door with the pistol cocked

and after an exchange of words shot deceased as he turned to walk away.

Death resulted from a bullet wound of the chest, the path of the bullet being through the right arm and in a straight line across the body where it lodged in the spinal column.

Three grounds of error are set forth in appellant's brief filed in the trial court, each of which complains of the failure to grant a mistrial.

Ground one relates to the closing argument at the hearing on the issue of punishment wherein the following comment and objection were made:

"The Judge in his charge tells you that you are not to consider, comment or anything else upon the length of the sentence you decide to impose that this Defendant will be required to serve. This is within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and I'll say this that if you do not give him life or 99 years in the penitentiary they will not be able to hold him down there until he is rehabilitated; until they themselves decide he is rehabilitated, until they decide that he has been trained and come out into the free world and taken his place in society—

"MR. WRIGHT: I object to the comments of the prosecutor about the length of term that will be served. This is in direct violation of the Court's charge. He is commenting on it even though indirectly and I object to it and move for a mistrial at this time.

"THE COURT: Sustained, the Jury won't consider that argument, motion for mistrial is overruled.

"MR. WRIGHT: Note my exception, Your Honor."

■ We do not agree that the remarks constituted a comment "about the length of term that will be served."

In Fernandez v. State, Tex.Cr.App., 366 S.W.2d 575, cited by appellant, the comment was "when he has been rehabilitated that they will turn him loose." The comment here was that if he was not given life or 99 years they would not be able to hold him until he was rehabilitated. In other words, only a period of confinement such as life or 99 years would suffice for his rehabilitation.

Ground of error No. 2 complains of the following, on cross-examination of Francis Ruebling, a character witness for the defense:

"Q. Mr. Ruebling, had you heard that this Defendant threatened a girl with a gun?

"A. No, sir, I hadn't.

"MR. WRIGHT: Judge, I object to that question as being improper and prejudicial and I object to it, Your Honor.

"THE COURT: Sustained, the Jury won't consider it.

"MR. WRIGHT: And move for a mistrial."

(We find no ruling on the motion for mistrial.)

"MR. REESE: Judge, we'll be glad to offer evidence along that line.

"MR. WRIGHT: Also object, they've been entitled to offer evidence all this time and now Mr. Reese is making a statement.

"MR. CAPERTON: State your objection and quit making a speech, I object to the speech making every time he stands up.

"MR. WRIGHT: Judge, may I address the Court without the smart aleck remarks of the prosecutor here?

"THE COURT: I'm going to have to retire the Jury, I've told the Jury a dozen times not to pay any attention to the lawyer's remarks; that's the kind

of stuff I don't want the Jury to pay any attention to if you've got to make speeches I'll retire the Jury so you can make some speeches to me. Let's don't have an outburst like that any more. I'm not going to put up with it all day, what's your question?"

The ground of error further complains of the following, which occurred during the cross-examination of the witness Brenda Kay Harris:

"Q. Were you present when Dorsey's brother threatened James Brotherton with his life if he testified?

"A. No, sir.

"MR. WRIGHT: Now, Judge, the prosecutor is—

"THE COURT: Where did this happen?

"MR. CAPERTON: This happened at Memorial Auditorium before the trial.

"MR. WRIGHT: The prosecutor is testifying and I object to it, and move for a mistrial.

"THE COURT: Sustain the objection, the Jury won't consider that, overrule the motion for mistrial.

"MR. WRIGHT: Note my exception."

■ Ground of error No. 2 does not comply with the requirements of Art. 40.09 (9) V.A.C.C.P. that the brief "shall set forth separately each ground of error of which defendant desires to complain on appeal."

■■ If before us, neither of the rulings of the trial court complained of reflects reversible error.

The remaining ground of error complains of the court's failure to grant a mistrial "because of continuous bad-faith questions propounded by the District At-torney over continuous objections by the defendant which questions were answered to the prejudice of the defendant."

This ground of error relates to the following which occurred during the direct examination of the state's witness Brotherton:

"Q. (By Mr. Caperton) All right. I'll ask you if you have ever at any time seen this Defendant with a gun before?

"A. Yes, sir.

"Q. And when was that?

"MR. WRIGHT: I object to that as being an attempt to go outside the facts that we are here to deal with. Because of the question and answer, we move for a mistrial.

"THE COURT: Sustain the objection, the jury won't consider the question, the witness won't answer.

"MR. WRIGHT: And present a motion to the Court for a mistrial because of the prosecutor's question and answer.

"THE COURT: I told the Jury not to consider the question. The question shouldn't have been asked, the Jury won't consider it, motion for mistrial is overruled.

"MR. WRIGHT: Note my exception, Your Honor.

\*     \*     \*     \*     \*

"Q. All right. Have you ever seen that Defendant with a gun before?

"A. Yes, sir.

"MR. WRIGHT: I object to that as being an attempt to prove or try to show in some way some other matter which is not here before us.

THE COURT: Sustained, the Jury will not consider that.

\*     \*     \*     \*     \*

"Q. On the other hand, do you know that this Defendant has had a pistol on prior occasions?

"A. Yes, sir.

"MR. WRIGHT: I object to that.

"Q. Did you know whether or not he asked you this question about—

"THE COURT: Wait a minute.

"MR. WRIGHT: I have objected to that question and answer before as being inadmissible and I object once again.

"MR. CAPERTON: You opened it up.

"THE COURT: Sustain the objection. The jury won't consider that question.

"MR. WRIGHT: Because it is before the jury, Your Honor, I would move for a mistrial.

"THE COURT: Overruled.

"MR. WRIGHT: Note my exception."

■ We find no ruling of the court in the foregoing which reflects reversible error. The questions which were answered were answered before objection was made and there was no motion to have the answers stricken. The court did not err in overruling any of the motions for mistrial.

The judgment is affirmed.

ONION, Judge (dissenting).

"It is a matter of common knowledge that inmates are released on parole from the Texas Department of Corrections, but the jury, in a felony case, in determining the punishment to be assessed, is not authorized to resort to or apply the parole law. Argument urging them to do so is highly improper." Graham v. State, Tex. Cr.App., 422 S.W.2d 922.

The jury argument at the penalty stage of the proceedings complained of in ground of error #1 and set forth in the majority's opinion urged the jury to resort to and consider the parole law in assessing punishment. It did not recommend life or 99 years as a proper punishment based on the evidence, but urged such penalty in view of how the parole law operated. Such argument, whether distinguishable from Hernandez v. State, Tex.Cr.App., 366 S.W.2d 575, or not, calls for reversal. It is not rendered harmless by being prefaced by reference to the court's charge.

Neither is it saved, in my opinion, by the court's instruction to disregard. The argument was calculated to prejudice the rights of the appellant with the jury. Hernandez v. State, supra.

There is no merit to the contention that Judge Dowdy was disqualified, but I am not altogether sure some of the other grounds of error do not constitute reversible error. One cannot read this record, beginning with the testimony of the first witness, without wondering whether in the course of numerous side bar remarks, comments, unsworn remarks, innuendo, repeated efforts to get around the court's rulings, etc., the right of the appellant to a fair trial was not forgotten.

For the reasons stated, I dissent.

MORRISON, Judge (dissenting).

I concur in that portion of my brother Onion's dissent in which he says that the argument complained of "did not recommend life or 99 years as a proper punishment based on the evidence, but urged such penalty in view of how the parole law operated."