Ronald G. HARTMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 46458.

Court of Criminal Appeals of Texas.

July 11, 1973.

Ralph H. Winton, Jr. and Charles M. Beacham, San Antonio, for appellant.

Ted Butler, Dist. Atty., Lucien B. Campbell and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This appeal is from a conviction in a trial before a jury of rape. The punishment was assessed at life.

Appellant was represented in the trial court and is represented on appeal by court-appointed counsel. A brief has been filed by appellant's attorney wherein he states that after a diligent, thorough and conscientious study of the record, he is of the opinion that "this appeal is without merit in law." The record reflects that appellant personally acknowledged receipt of a copy of his attorney's brief. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Gainous v. State, Tex.Cr. App., 436 S.W.2d 137.

Counsel does call the court's attention to one ground of error which might arguably support the appeal. This concerns State's argument to the jury at the punishment phase of the trial.

The argument of the prosecuting attorney made the basis of counsel's complaint was as follows:

"One of the things—He got to drawing these, multiplying the seconds and all that. Well, this is one thing I would like to ask you to keep in mind when you get in there, that the Court has instructed you that you will not take into consideration how long the Defendant may or may not have to serve. That is awfully important. Awfully important. You remember that, you may not take into consideration how long he may or may not have to serve, that part isn't to be discussed, the business of parole or anything like that is not to be discussed but

to set—you are to set his sentence according to the years that are stated in the Charge.

"MR. WINTON: May I approach the bench, Your Honor.

"THE COURT: Yes, sir.

"MR. WINTON: I would like to object to the mention of the word parole and ask for a mistrial at this time.

"THE COURT: Motion for a mistrial is overruled.

"MR. WINTON: Note our exception."

Counsel argues that the use of the word "parole" by the prosecuting attorney constituted a comment about the length of time appellant would have to serve, and thus constituted reversible error under the holding in Hernandez v. State, Tex.Cr.App., 366 S.W.2d 575. There, the following jury argument was held to be reversible error:

"Therefore, I say this, that I feel confident that when you send him, that when he has been rehabilitated that they will turn him loose."

The court in the instant case had charged the jury "not to take into consideration how long the defendant may or may not have to serve in order to satisfy the sentence imposed since such consideration is not a proper consideration for the jury."

Prior to the State's argument, appellant's counsel in his talk to the jury had discussed the length of time required for rehabilitation of convicted persons, saying:

"Now can you guess when one particular person will be rehabilitated or reformed and another will not? It might take one person six months, a year, two years, three years to accomplish what we call rehabilitation. Another person it might take ten years. I know this is probably the most uncertain element and all I can say to you is that we will just

have to leave it up to guess, but I will leave it to your good judgment in this matter."

As stated by this Court, speaking through Presiding Judge Onion in Graham v. State, Tex.Cr.App., 422 S.W.2d 922:

"It is a matter of common knowledge that inmates are released on parole from the Texas Department of Corrections, but the jury, in a felony case, in determining the punishment to be assessed, is not authorized to resort to or apply the parole law. Argument urging them to do so is highly improper.

"We cannot agree, however, that the argument here complained of 'applied' the parole law as urged, and we feel the facts distinguish this case from Hernandez v. State, Tex.Cr.App., 366 S.W.2d 575."

As was the case in *Graham,* supra, appellant's counsel in the instant case first broached the subject of rehabilitation to the jury. The State did not ask the jury to apply the parole law. It merely replied to appellant's counsel's argument on rehabilitation by referring to the court's charge on the subject, and telling the jury it should not consider or discuss the length of time appellant would have to serve, or the business of parole. Furthermore, such argument, under the circumstances, was not harmful and did not prejudice appellant. See Dorsey v. State, Tex.Cr.App., 450 S.W.2d 332; Mirowitz v. State, Tex. Cr.App., 449 S.W.2d 475. It is also to be noted that when appellant objected to the argument and asked for a mistrial the only ruling of the court was to overrule the motion for a mistrial. Appellant did not ask the court to instruct the jury to disregard the mention of "parole." No reversible error is shown. Hall v. State, Tex.Cr.App., 492 S.W.2d 512 (1973).

Appellant has filed a pro se brief, in which he raises no grounds of error which have merit. We have thoroughly reviewed his brief and the record, and overrule his

contentions. We have found nothing contained in the record which we should consider as unassigned error under Art. 40.09, Sec. 13, Vernon's Ann.C.C.P.

The judgment is affirmed.

Opinion approved by the Court.