Macie Andrew JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 49627.

Court of Criminal Appeals of Texas.

April 30, 1975.

---

Henry Wade, Dist. Atty. and W. T. Asst. Dist. Attys., Dallas, Jim D. Vollers, Westmoreland, Jr. and Jay Ethington, Mitchell, Dallas, for appellant.

Tom A. Boardman and Lawrence B. State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction of robbery by firearms. Appellant elected to be punished under the new Penal Code, and the jury assessed punishment at life in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. In view of the disposition of this appeal, a discussion of the facts is unnecessary. Appellant was tried jointly with a co-defendant for the offense.

Appellant contends the trial court erred in overruling his objection to the prosecutor's argument urging the jury to assess a severe enough penalty so that the Department of Corrections could determine when they are fit "to be turned back into society." It is the contention of appellant that court's charge, a misstatement of the law, such argument was in violation of the and was so prejudicial as to deprive him of a fair trial and to constitute reversible error.

The portion of the argument of the prosecuting attorney made the basis of appellant's complaint was as follows:

"I'm not against another chance for a deserving individual. I don't think anybody is, but what I'm saying, send them to the Texas Department of Corrections with a sentence that is long enough so they can do something about it, if anything can be done, *and let them be the judge after working with them as to whether or not they're fit to be turned back into society.*

"MR. BOARDMAN: Judge, I'm going to have to object to that as being a comment against the Court's rule against how long an individual may be expected to stay in the Texas Department of Corrections.

"THE COURT: Overrule your objection."

(Emphasis Supplied)

It is a matter of common knowledge that inmates are released from the Texas Department of Corrections, but the jury, in a felony case, in determining the punishment to be assessed, is not authorized to resort to or apply the parole law. Argument urging them to do so is highly improper. Graham v. State, 422 S.W.2d 922 (Tex.Cr.App.1968); Hughes v. State, 493 S.W.2d 106 (Tex.Cr.App.1973); Hart-

man v. State, 496 S.W.2d 582 (Tex.Cr.App. 1973).

■ A very similar argument to the one in the instant case was made in Hernandez v. State, 366 S.W.2d 575 (Tex.Cr.App. 1963). The prosecutor had stated in *Hernandez* that:

"Therefore, I say this, that I feel confident that when you send him, that when he has been rehabilitated that they will turn him loose."

The court in *Hernandez*, in reversing the decision, stated in reference to the argument of the prosecutor:

"The argument that an inmate will be turned loose when he has been rehabilitated in effect told the jury that it did not matter how long a term was assessed. This was of course an incorrect statement of law. It is the duty of the jury to assess the punishment which appears to be just and proper according to the evidence and within the limits prescribed by law. Notwithstanding the court's instruction, the argument was calculated to prejudice the rights of the appellant with the jury."

Likewise, in this case the prosecutor was arguing that the jury should assess a penalty long enough for the Texas Department of Corrections to do something about rehabilitation, as the Texas Department of Corrections would be the judge as to whether or not appellant would be turned back into society.

The argument was an attempt to get around the trial court's jury instruction not to discuss the matter of parole. In effect the implication to the jury was to resort to and consider the parole law in assessing punishment. The argument could also be construed as an appeal to the jury to disregard their responsibility in determining the appropriate punishment as someone else (the Texas Department of Corrections)

would decide later as to when the appellant would be released. See Blount v. State, 509 S.W.2d 615 (Tex.Cr.App.1974). Further, the argument was a misstatement of the law, for the Board of Pardons and Paroles and the Governor determine the question of release on parole, and not the Texas Department of Corrections. See Article 42.12, Vernon's Ann.C.C.P. The error in this case was further compounded by the fact that appellant's objection was overruled by the trial court.

The State relies upon Dorsey v. State, 450 S.W.2d 332 (Tex.Cr.App.1969); Hughes v. State, 493 S.W.2d 166 (Tex.Cr.App.1973); Lenzi v. State, 456 S.W.2d 99 (Tex.Cr.App.1970); Graham v. State, 422 S.W.2d 922 (Tex.Cr.App.1968)

In each of these cases the court sustained the objection to the complained of argument and instructed the jury to disregard the argument. The arguments were held not to be so prejudicial that they could not be cured by instruction.[1] Further, in *Hughes* and *Graham* it was noted the argument was invited.

We have also examined the cases of Bryant v. State, 455 S.W.2d 235 (Tex.Cr.App.1970); Sandlin v. State, 477 S.W.2d 870 (Tex.Cr.App.1972); Campbell v. State, 492 S.W.2d 956 (Tex.Cr.App.1973); Hartman v. State, 496 S.W.2d 582 (Tex.Cr.App.1973); and Cooper v. State, 500 S.W.2d 837 (Tex.Cr.App.1973), and do not conclude that they call for a different result than we reach in the instant case.

The argument in the case at hand leaves no doubt whatsoever that the Texas Department of Corrections would decide "whether or not they're fit to be turned back into society." The prosecutor was on notice through the court's charge as to the impropriety of his argument. No useful or legitimate purpose was served by the argument pursued. See Boyde v. State, 513 S.W.2d 588 (Tex.Cr.App.1974).

1. It is true that in *Dorsey* the majority did not, however, rely upon the sustained objection and jury argument, but held that the argument was not a comment "about the length of term to be served."

The prosecutor was not recommending a severe punishment based solely on the evidence, but urged the jury to abdicate its responsibility and set a high penalty and allow the Department of Corrections to determine the period of confinement.

The error calls for reversal. In light of this reversal, we need not consider the serious question of the admissibility of appellant's oral confession without a proper predicate being laid therefor. It is not likely to reoccur in the event of a retrial.

For the error pointed out in the argument, the judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.