William Ernest HOLLOWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 50138.

Court of Criminal Appeals of Texas.

July 16, 1975.

Dan J. Anderson, Dallas, Court appointed on appeal, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, E. X. Martin and Charles Yett, Asst.

Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from a conviction for robbery by firearms; the punishment, assessed by the jury, is twenty-five years.

In his first ground of error, appellant contends the evidence is insufficient to sustain his conviction as a principal to robbery by firearms.

Considering the evidence in the light most favorable to the judgment, the record reflects the following:

At about 5:30 P.M. on December 5, 1973, Anita Davis, cashier of a Kroeger's Food Store in Dallas, was robbed of a sum of money by a white man who used and exhibited a pistol, placing her in fear of death or serious bodily harm. The man took three white bags, two containing money and the other trading stamps. During the robbery, Davis noticed the white robber nervously looking toward a black man who was talking to a package clerk and a checker in another part of the store.

Gary Lederman and Libby Jones were the two employees approached by the black man. Both identified appellant as that man, saying that he asked about getting a job in the store. Jones testified this was unusual, as job-seekers generally talked to the manager. Later, as Lederman was taking some groceries out of the store for a customer, he saw appellant walking fast across a parking lot to catch up with a white man, and then saw these two running across a field. Lederman went back into the store, learned of the robbery, and ran outside and saw the white man and appellant running in the area of a creek. He saw Powdrill, another store clerk, catch up with the white man, who at that time was hiding in some bushes. This man pulled a pistol on Powdrill, and escaped. He was

identified as the man who had robbed Davis and had taken the three white bags. Two of these bags, identified as Kroeger bags, were found in the bushes where the white man was found.

A customer testified that she saw appellant in the store on this occasion pick up a can of spray deodorant. Fingerprints from this can were identified as those of appellant.

Kathy Castro, a checker in the store, upon learning of the robbery, ran outside in time to see a black man and a white man rapidly walking together away from the store. When they saw her, they started running across the store's parking lot. Lynn Reynolds, a mechanic in a nearby fix-it shop, at about this same time saw a black man fitting appellant's description running "down the creek back there" carrying a white bag in his hand.

Amador Castro, assistant store manager and husband of Kathy, ran out of the store when he learned from Davis of the robbery. He saw the two men running together and stop at a big rock where they appeared to pick up something. They then separated, and he saw the black man run into the creek and run through a vacant field. The next afternoon, Castro went to the place near the rock where he had seen the two men stop, and found a bundle of fifty one dollar bills and some quarters and other loose change, and "two prints, you know, like a knee had dropped on the ground, you know."

Mrs. James Carlson testified that she lived across the creek and directly behind the shopping center where the Kroeger store was located. About a month after the robbery, appellant came to her home and told her that on the previous day he had lost his wallet when officers had chased him and picked him up for loitering in the area of the creek. He asked her permission to cross her yard so that he could search for his wallet. She consented for him to do so.

Appellant as a witness testified that the only time he was in Dallas during the month of December, 1973, was around Christmas, and that he spent the rest of that month in Austin. He denied being in the Kroeger store on December 5, and denied having participated in the robbery. A fact issue was raised, which the jury decided contrary to appellant's testimony.

Considering the evidence favorable to the verdict and the reasonable deductions to be drawn therefrom, the record reflects that the unidentified white man robbed the cashier at gun point of three white bags of money and trading stamps. During the robbery, appellant was in the store, and he left with the robber. Together they ran from the store and were seen to stop and pick up something. At the spot where they stopped, a part of the stolen money was found the next day. Two of the three bags were found with the white man shortly after the robbery, and appellant was observed running in the creek area carrying a white bag similar to the other two. A month later, he was arrested for loitering in this area where the bills and change were found, and on the next day, having been released from arrest, went back to the same place to search "for his wallet."

■ In determining whether a party was acting as a principal, the trial court may look to events before, during, and after the offense. Reliance may be had on the actions of the parties which show an understanding and common design to do a certain act. *Bush v. State*, Tex.Cr.App., 506 S.W.2d 603; *Everett v. State*, 153 Tex.Cr.R. 79, 216 S.W.2d 281.

■ While flight alone will not support a guilty verdict, evidence of flight from the scene of a crime is a circumstance from which an inference of guilt may be drawn. *Green v. State*, Tex.Cr.App., 505 S.W.2d 292; *Mitchell v. State*, Tex.Cr.App., 517 S.W.2d 282; *Ysasaga v. State*, Tex.Cr.App., 444 S.W.2d 305.

■ The jury was instructed on the law of principles. We conclude that the evidence is sufficient to support the conviction.

*Coronado v. State*, Tex.Cr.App., 508 S.W.2d 373.

The first ground of error is overruled.

Appellant next contends that the in-court identification of appellant by the witness Libby Jones was tainted by an impermissibly suggestive out-of-court photographic identification procedure.

Prior to permitting evidence of identification of appellant, the court conducted a separate hearing in the absence of the jury to determine its admissibility. *See Martinez v. State*, Tex.Cr.App., 437 S.W.2d 842. Three witnesses, Janie Hancock, Libby Jones, and Gary Lederman, definitely identified appellant as the black man in the store during the robbery under the circumstances above summarized. After hearing the testimony of these witnesses, the court made the following findings and conclusions:

"I.

"That the witnesses, Janie Hancock, Libby Jones and Gary Lederman, have identified the defendant in this cause as being connected with the commission of the offense alleged in the indictment.

"II.

"That the said in court identification of the defendant by the said Janie Hancock, Libby Jones and Gary Lederman was not influenced by the witnesses having seen photographs of the defendant, if they did.

"III.

"That the said in court identification was based solely on the witnesses, Janie Hancock, Libby Jones and Gary Lederman, having viewed the defendant on December 5, 1973, at the time and place alleged in the indictment.

"IV.

"The evidence moving the Court to so find is so clear, convincing, explicit and unequivical (sic) as to leave no substantial or reasonable doubt in the mind of the Court.

"V.

"Based on the foregoing findings, the Court concludes that, as a matter of law, the in court identification testimony of the said three (3) witnesses is admissible and the Court therefore overrules the defendant's objections thereto."

The record fully supports these findings and the conclusion of the trial court. Appellant attacks only the identification of appellant by the witness Libby Jones. We find no error in the admission of her testimony. *Pizzalato v. State*, Tex.Cr.App., 513 S.W.2d 566; *Atkinson v. State*, Tex.Cr.App., 511 S.W.2d 293; *Navajar v. State*, Tex.Cr. App., 496 S.W.3d 61.

■■ In his third ground, appellant contends that due to his pretrial motion for discovery, which the trial court granted, the offense report of the witness Police Officer Epting describing a suspect as "a colored man, 20s—late 30s, 6 feet 3 to 4 inches, and weighing 190 pounds." should have been tendered herein before trial, since it contained exculpatory matters material to the defense. He relies on *Means v. State*, Tex. Cr.App., 429 S.W.2d 490; *Crutcher v. State*, Tex.Cr.App., 481 S.W.2d 113, and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

After Officer Epting had testified on direct examination, his report was handed to defense counsel, who proceeded to cross-examine him at length on the information given him at the time of his investigation concerning appellant's appearance at the time of the robbery.

Appellant then took the stand. He testified that he was twenty-five years old, 6 feet 1 inch tall, and weighed 160 pounds. He did not refute the report's description of how he may have looked at the time of the offense.

It was only at the close of the day after the State had started its rebuttal testimony that appellant raised any objection to the failure of the State to furnish this report before the start of the trial and moved for a mistrial. The court, in overruling his motion, offered to give appellant additional time for preparation. No such time was requested.

Police reports generally are not subject to pre-trial discovery, and the State is not required to exhibit them to the defendant prior to the officer taking the stand. *See* Article 39.14, Vernon's Ann.C.C.P.; *Gutierrez v. State*, Tex.Cr.App., 502 S.W.2d 746; *Bradshaw v. State*, Tex.Cr.App., 482 S.W.2d 233. However, if the facts reflect that the prosecutor actively or negligently suppresses or fails to disclose evidence which may exonerate the accused or be of material importance to the defense, reversible error is committed. *Crutcher v. State*, Tex.Cr. App., 481 S.W.2d 113 and authorities cited.

The report of Officer Epting, which was delivered to appellant when the witness testified, is included in the record. No identification witness testified contrary to the description given in the report. The record does not reflect any suppression of exculpatory evidence or evidence which might have exonerated appellant.

Reversible error is not shown.

■ In his fourth ground, appellant complains of the following argument of the State at the guilt stage:

"I feel that incumbent upon a member or representative of the District Attorney's Office, a representative of Mr. Wade, to give you some of the experience that we have gained in dealing with people such as William Erneat (sic) Holloway with respect to making a recommendation, and our recommendation will be a term of years, and I ask you not to assess (sic) punishment lower than sixty years confinement in the Texas Department of Corrections. That, in essence, will give the experts at the Texas Department of Corrections an opportunity to determine for themselves whether they think William Ernest Holloway has been rehabilitated.

"MR. ELLIS: Your Honor, we would object to that as being a consideration of the Board of Pardons & Paroles and something that this jury is not to consider.

"THE COURT: Sustained.

"MR. ELLIS: And we would move at this time for a mistrial.

"THE COURT: The jury is to disregard it, not to consider it for any purpose.

"The Court has charged the jury, all the law they can be concerned with is contained in the charge.

"MR. ELLIS: And we would move for a mistrial.

"THE COURT: Denied."

Error, if any, was cured by the court's instruction to the jury to disregard. *Pearce v. State*, Tex.Cr.App., 513 S.W.2d 539; *Boykin v. State*, Tex.Cr.App., 504 S.W.2d 855; *Overstreet v. State*, Tex.Cr.App., 470 S.W.2d 653.

Furthermore, the matter of rehabilitation was first argued by the defense attorney, when he stated:

"I simply say this: that the range is from five years in that penitentiary to ninety-nine or life. I ask that you consider a punishment that this man can go down there and, under the supervision and direction and control of the Texas Department of Corrections, can be rehabilitated, and can return to society and live a life, live his life."

Reversible error is not shown. *See Parish v. State*, Tex.Cr.App., 523 S.W.2d 665, (1975); *Hartman v. State*, Tex.Cr.App., 496 S.W.2d 582; *Hughes v. State*, Tex.Cr.App., 493 S.W.2d 166; *Graham v. State*, Tex.Cr. App., 422 S.W.2d 922.

■ In his fifth ground of error, appellant again complains of improper argument.

The record reflects the prosecutor argued that as a result of a defense motion Officer Sewell could not get on the stand and testify that "Yes, these witnesses identified a picture of this man right here."

The record reflects the following prior argument by appellant's counsel:

" . . . I'm telling you, you try to get somebody, somebody that has told Officer Sewell, whom I will speak of later, Investigator Sewell, Detective Sewell, Dallas Police Officer Sewell, who have told him, 'Yes, that's the man,' back in January, who told him, 'Yes, that's the man', . . . "

\* \* \* \* \* \*

" . . . and I believe they identified the photograph when it was taken to them by Detective Sewell, and we didn't have Detective Sewell; we couldn't ask him about showing these photographs and whether or not he tainted their identification with these photographs because we didn't have him, they didn't call him, but I do know this, . . . "

The prosecutor was entitled to explain why Sewell did not so testify since the inquiry was opened by appellant. *Sifford v. State,* Tex.Cr.App., 505 S.W.2d 866; *Howard v. State,* Tex.Cr.App., 505 S.W.2d 306.

█ In ground of error number six, appellant complains of the following statement by the prosecutor:

"What should be done with him in this case? And certainly you can consider what many people call 'a war on crime,' and, in essence, it is a war, except the battlefields are different.

"[MR. ELLIS, Defense Counsel]: Now, your Honor, I am going to object to him referring to a war on crime in reference to this case.

"THE COURT: Stay within the testimony in the record."

Error, if any, in the prosecutor's argument was not properly preserved for review since there was no ruling on his objection, nor was a request made that the jury be instructed to disregard the statement. *Nichols v. State,* Tex.Cr.App., 504 S.W.2d 462; *Verret v. State,* Tex.Cr.App., 470 S.W.2d 883.

Furthermore, the argument was a proper plea for law enforcement. *Cunningham v. State,* Tex.Cr.App., 484 S.W.2d 906, 911.

█ In ground of error number seven, appellant complains of the following argument:

" . . . but I think there's another reason, he went in that store and he participated in that robbery, not because he was hungry or desperate for money, he did it because it was his pleasure—. . . "

The objection was that the argument was not based on evidence. There was evidence that appellant had been engaged in several jobs, that he had a savings account, and that he spent the Christmas holidays in Dallas. The argument is not manifestly improper, harmful or prejudicial. *See Magee v. State,* Tex.Cr.App., 504 S.W.2d 849; *Thompson v. State,* Tex.Cr.App., 480 S.W.2d 624.

The judgment of the trial court is affirmed.

Opinion approved by the Court.