Henry Wade **CLANTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50093.**

Court of Criminal Appeals of Texas.

Oct. 15, 1975.

Gary L. Watkins, Odessa, for appellant.

John H. Green, Dist. Atty., and Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from a conviction for murder with malice, in which punishment was assessed at life.

The record reflects that on December 22, 1973, appellant shot and killed his ex-wife

in a lounge in Odessa. According to appellant's testimony, the shooting was accidental.

In his first ground of error, appellant contends that the trial court erred in overruling his motion for a mistrial when the State, in its jury argument at the punishment stage, invited the jury to consider the length of time appellant would have to serve under the parole law.

The record reflects that during the final argument of the prosecuting attorney at the punishment stage the following remarks and the following objections and court rulings were made:

"[MR. GREEN]: . . . I know if you give him life or if you give him two hundred and fifty years, do you realize this, I want to read you this little thing right here and this is all I can say about this particular paragraph, I am not allowed to comment any more. In determining the punishment in this case, you are instructed that you are not to discuss among yourselves how long the Defendant will be required to serve any sentence you decide to impose.

"What that is saying, if you give him life or one hundred and two or two hundred and fifty years, if you know or think he will just be there eight years, you can't discuss that and I can't discuss it, I can't tell you, *but you can, if you know yourselves, base your decision, your verdict upon that.*

"MR. WATKINS: Your Honor, he is just saying he can't say something about it and he said it in the next sentence.

"THE COURT: The jury won't consider the last argument of the District Attorney for any purpose.

"MR. GREEN: If you do know the law, you can't discuss it with another juror *but you yourselves can consider it.*

"Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are of no concern of yours.

"*That no concern of yours is what bothers me in that particular paragraph, you are instructed it is of no concern of yours if you give somebody twenty years if they are out in two years, they tell you it is no concern of yours, you give somebody life and they are out—It is no concern of yours, but it is a concern of yours because you can expect certain things of your verdicts.* That is all I can say about that particular paragraph, but it is there.

"THE COURT: I want to stop you right there, Mr. Green.

"It is no concern of yours, Ladies and Gentlemen, as you are charged there, you will follow the Court's Charge exactly the way it is in that paragraph, contrary to the argument of the District Attorney that was just made. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are of no concern of yours and they are also not a proper subject for argument at this stage of the trial. .

"MR. WATKINS: Your Honor, I would like to move for a mistrial because I believe any instruction to the Jury for them to disregard that last argument is still too prejudicial and I would like to move for a mistrial.

"THE COURT: Overruled.

"MR. GREEN: Thank you, Judge.

"*That is what I just got through telling you, see.*

"*Now, let's go on after we covered that little tender spot,* let's go on to something else because that is behind us now. *That is why sometimes we base our decision upon facts as we see them in a case and ask for large verdicts* and that is why citizens give them sometimes, because the facts of a case warrant it . . . ." (Emphasis added)

■ It is a matter of common knowledge that inmates are released from the Texas Department of Corrections, but a jury in a felony case is not authorized to consider or

apply the parole law in assessing punishment. Argument urging them to do so is very improper, and constitutes error. *Jones v. State,* Tex.Cr.App., 522 S.W.2d 225; *Hartman v. State,* Tex.Cr.App., 496 S.W.2d 582; *Graham v. State,* Tex.Cr.App., 422 S.W.2d 922.

Recently, in *Marshburn v. State,* Tex.Cr.App., 522 S.W.2d 900, in reversing the judgment because of argument at the punishment stage inviting the jury to apply the parole law in assessing punishment, we said:

"It was stated in *Alejandro v. State,* Tex.Cr.App., 493 S.W.2d 230 at 231 that to be approved by this Court, '[J]ury arguments need to be within the areas of (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement.' (Citations omitted from text). The arguments of the prosecutor do not come within any of the permissible areas of jury argument. On the contrary, the prosecutor's arguments were calculated to introduce prejudice into the mind of the jurors. Cf. *Hernandez v. State,* Tex.Cr.App., 366 S.W.2d 575 at 576. The prejudice introduced by the prosecutor operates by urging the jury to impose an excessive prison term to compensate for or protect against the action of the Board of Pardons and Paroles.

"The prosecutor said, in relation to the term of years prisoners were required to serve by the Board of Pardons and Paroles, 'and you [the jury] say five years and two years later they [the defendants] are out committing another offense.' This argument demonstrated the operation of the parole laws by inviting the jury to look at records of prior offenses which had been introduced into evidence to see how long it would take for a defendant to be released by the Board of Pardons and Paroles as compared to the length of the sentence originally assessed. The effect of this argument is to demonstrate past applications of the parole law, asking the jury to increase the punishment which would otherwise be assessed, in the ratio of five to two, so that the defendants will actually stay in prison for the length of time desired by the jury."

See also *Jones v. State,* supra.

In the instant case, the court included in its charge to the jury the following instruction:

"In determining the punishment in this case you are instructed that you are not to discuss among yourselves how long the defendant will be required to serve any sentence you decide to impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are no concern of yours."

The State's argument was clearly an attempt to get around the court's instructions. Notwithstanding the court's instructions to the contrary, the prosecuting attorney told the jurors that it was a concern of theirs how long appellant would actually serve before being released from the penitentiary. After reading to the jury the court's instructions on the subject, supra, he expressly argued that while the jurors could not discuss how long appellant will be required to serve any sentence they might impose, *they could consider* this in assessing punishment. Cf. *Jones v. State,* supra; *Hartman v. State,* supra, holding to the contrary. Even after the court had, sua sponte, stopped the argument to orally instruct the jury as it had previously done in the charge, and had overruled appellant's motion for a mistrial, the prosecutor continued to refer to the matter as "that little tender spot," etc. as shown in the quote from his argument, supra. The argument of the State hereinabove quoted did not recommend life as a proper punishment based on the evidence, but was strictly an appeal to the jury to disregard its responsibility under the law to determine the appropriate punishment for the offense, and to consider "how long the defendant will be required to serve any sentence" the jury

might decide to impose. See *Jones v. State,* supra.

■ The State in its brief questions the sufficiency of the objections to the quoted argument. The record reflects that when the prosecutor first told the jurors that they could "base your decision, your verdict, upon that," i. e., the length of time appellant would be required to serve his sentence, the court, on appellant's objection, instructed the jury to disregard the argument. However, counsel continued to argue that the jurors could consider that matter, and that they were concerned as to how long appellant would be required to serve. After the court had properly intervened, and given proper oral instructions to the jury, a motion for mistrial based on the contention that the argument was too prejudicial to be cured by the court's instruction was overruled. Under these circumstances, we find inapplicable the doctrine of *Vela v. State,* Tex.Cr.App., 516 S.W.2d 176, which held that without a timely and specific objection being made in addition to the motion for mistrial, error is not preserved. See *Clayton v. State,* Tex.Cr.App., 502 S.W.2d 755.

■ The State also contends that the oral instructions of the court made when it interrupted the State's argument cured the error, if any, in the prosecutor's remarks. It is true that usually the court's instruction to the jury that it should not consider an argument of the State has been held to cure error in the argument. *Graham v. State,* Tex.Cr.App., 422 S.W.2d 922; *Pringle v. State,* Tex.Cr.App., 511 S.W.2d 35 (see, however, dissenting opinion of Judge Roberts, joined in by Presiding Judge Onion); *Hughes v. State,* Tex.Cr.App., 493 S.W.2d 166; *Horner v. State,* Tex.Cr.App., 508 S.W.2d 371.

■ However, in the instant case we find the quoted argument to be clearly and grossly improper and prejudicial. The implications to disregard the instructions of the court on the applicable law, made after the court had sustained an objection and withdrawn similar argument from the jury, and the argument that the matter of parole was a concern of the jurors, made despite the explicit instructions of the court in its charge to the contrary, were of such a prejudicial nature that we are unable to find them to be harmless. *Hernandez v. State,* Tex.Cr.App., 366 S.W.2d 595. We cannot say with reasonable certainty that this argument did not affect the jury's verdict in assessing punishment at life.

■ Additionally, the State on appeal says that the subject of the application of the parole law and the length of time appellant would be incarcerated if assessed a life term or a term of a lengthy period of years was first broached by appellant. See *Parish v. State,* Tex.Cr.App., 523 S.W.2d 665; *Alejandro v. State,* Tex.Cr.App., 493 S.W.2d 230; *Graham v. State,* supra; *Hartman v. State,* Tex.Cr.App., 496 S.W.2d 582. The State refers us to the following remarks of defense counsel made in his opening argument at the punishment stage:

"MR. WATKINS: He testified that he had never been convicted of a felony. You just have to think, so he made one mistake, should he be punished for the rest of his life for one single mistake.

". . .

"This is a young man, twenty-six years old, he has a whole life ahead of him.

"A lengthy period of incarceration is going to do nothing but take one member from society forever or as long as you decide.

"Your job right now is to assess the punishment. Each person has a role in this judicial system, the police officers investigate it and arrest the offender, the prosecutors prosecute, the Jury assess the punishment and the parole system tries to get these people back out into society and make worthwhile citizens out of them.

". . .

". . . His fate is in your hands. I wouldn't want that burden myself be-

cause it is kind of like playing God with the rest of his life."

In the above argument, defense counsel improperly suggested that appellant would be incarcerated for as long as the jury decided, or, in case of a life sentence, "for the rest of his life" or "forever." The State was entitled to reply to this argument by referring to the court's charge and by an explanatory statement showing the inaccuracy of the remarks of defense counsel. See *Parish v. State*, supra.

■ However, the State's quoted argument went much further than to merely respond to the remarks of defense counsel. As heretofore stated, it amounted to a direct attack upon the court's instructions and constituted an affirmative appeal for the jury to consider the parole law in reaching a verdict.

The trial court committed reversible error in overruling appellant's motion for a mistrial.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.