George F. JONES, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 54176.**

Court of Criminal Appeals of Texas, Panel No. 2.

April 5, 1978.

Rehearing En Banc Denied May 3, 1978.

Robert H. Spicer, San Antonio, for appellant.

Ted Butler, Dist. Atty., John A. Hrncir, Sharon S. Macrae and Roy R. Barrera, Jr., Asst. Dist. Attys., San Antonio, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of attempted burglary. See V.T.C.A., Penal Code, Secs. 15.01 and 30.02. Punishment was assessed by the jury at ten (10) years' imprisonment.

The appeal was originally abated, but has now been reinstated.

Appellant Jones claims that the trial court erred in failing to sustain defense counsel's objection to improper argument by the prosecution during the punishment phase of the trial. The district attorney told the jury the following:

"MR. HRNCIR (Prosecutor): . . . And, as Judge Barlow tells you in this charge, under the instructions herein given it will not be proper for you in determining the penalty to be assessed to affix the same by lot, chance, any system of averages or any other method than by full, fair and free exercise of the opinion of the individual jurors under the evidence as admitted before you. *And you should, in deliberating as to punishment, discuss how long the defendants would be required to serve in order to satisfy the sentence imposed.*

"But, I will tell you this, as you heard, I have been up here now for just about four years. *And, if you don't assess a punishment for both of these characters, as bored as they might look right now, if you don't assess a punishment for both of these characters for a term of years in the Texas Department of Corrections between seven and ten years it won't mean anything.*

"Thank you very much.

"MR. SPICER (Defense Counsel): I will object to the last remark by Counsel. He is trying to circumvent exactly the ruling that the Court has given to them in the court's charge where the Court is telling the jury that they are not to discuss how

long the defendants would be required to serve in order to satisfy the sentence imposed. He is trying to get around that and he has done it. I object to it and ask the Court to instruct the jury to disregard the last remark of counsel.

"THE COURT: What was the last remark? Read it back again.

"THE REPORTER: (reading) 'If you don't assess a punishment for both of these characters for a term of years in the Texas Department of Corrections between seven and ten years it won't mean anything.'

"THE COURT: Objection overruled." (Emphasis added.)

In *Jones v. State*, 522 S.W.2d 225 (Tex.Cr. App.1975), it was written:

"It is a matter of common knowledge that inmates are released from the Texas Department of Corrections, but the jury, in a felony case, in determining the punishment to be assessed, is not authorized to resort to or apply the parole law. Argument urging them to do so is highly improper. *Graham v. State*, 422 S.W.2d 922 (Tex.Cr.App.1968); *Hughes v. State*, 493 S.W.2d 106 (Tex.Cr.App.1973); *Hartman v. State*, 496 S.W.2d 582 (Tex.Cr. App.1973)."

In *Clanton v. State*, 528 S.W.2d 250 (Tex. Cr.App.1975), the prosecutor made reference to the court's charge that the jury was not to discuss how long the defendant would be required to serve any sentence imposed, and then repeatedly attempted to get around the court's instructions by arguing, over objection and despite the court's efforts, that while it could not be discussed each juror could consider it, that it was a concern of theirs despite the instruction, etc.

It was held that the argument was not an argument to assess a proper punishment, "but was strictly an appeal to the jury to disregard its responsibility under the law to determine the appropriate punishment for the offense, and to consider 'how long the defendant will be required to serve in any sentence' the jury might decide to impose." The case was reversed.

In *Jones v. State*, supra, and *Hernandez v. State*, 366 S.W.2d 575 (Tex.Cr.App.1963), jury arguments by the prosecutor were also interpreted as urging the jury to abdicate its responsibility and set a high penalty and allow the Department of Corrections or "they" to determine the actual period of confinement. Reversal followed in those cases. Likewise in *Marshburn v. State*, 522 S.W.2d 900 (Tex.Cr.App.1975), the prosecutor's argument first referred to the court's charge as telling the jurors that they had no control on the exact time to be served, then told the jurors to look at records of the prior convictions offered and note that "You say five years and two years later they are out committing another offense. Look at the records." Prior to this objected to argument, the prosecutor had argued that if the jurors were going "to do any good" they were going to have to set a high penalty even up to 2,000 years to attract the attention of the "somebody, somebody who decides how long they are actually going to serve . . . ." The case was reversed.

■ In the instant case the prosecutor argued that the jurors "should, in deliberating as to punishment, discuss how long the defendants would be required to serve in order to satisfy the sentence imposed." The prosecutor then added that based on his experience if the jurors didn't assess seven to ten years "it won't mean anything."

The jury assessed the maximum punishment of ten years' confinement and denied the motion for probation.

The argument was an attempt to get around the trial court's jury instruction not to discuss the matter of parole, and improperly urged the jury to consider it in assessing punishment. The prosecutor was on notice through the court's charge as to the impropriety of his argument. No useful or legitimate purpose was served by the argument pursued. See *Boyde v. State*, 513 S.W.2d 588 (Tex.Cr.App.1974). The argument clearly was not a request for appropriate punishment based on the evidence.

Finding that the argument was not invited,[1] we conclude the error was reversible error.

The State argues that the court reporter made a clerical error and omitted the word "not" from the prosecutor's argument and the argument should have read, ". . . and you should (not), in deliberating as to punishment, discuss how long the defendants would be required to serve in order to satisfy the sentence imposed."

▮ We are bound by the record before us, to which the State never filed an objection before it was approved by the trial court. See Article 40.09, V.A.C.C.P.; *Brown v. State*, 523 S.W.2d 238 (Tex.Cr. App.1975); *Washington v. State*, 500 S.W.2d 485 (Tex.Cr.App.1973). And we have not found any supplemental transcript correcting the statement of facts and showing the word "not" was omitted by error.

The State argues that if the prosecutor said "should" instead of "should not" it was inadvertent. Of course, there is no way to determine that with any accuracy, but if it was a matter of inadvertence, the harm was nevertheless done.

The State lastly contends the objection was only to the "last remark" and was thus limited to the "it won't mean anything" argument rather than the "should discuss" argument. Both arguments immediately followed each other in separate sentences, and in examining the entire context of the objection, we cannot construe the objection to be so limited.

The judgment is reversed and the cause remanded.[2]

---

1. See *Graham v. State*, 422 S.W.2d 922 (Tex.Cr. App.1968); *Hughes v. State*, 493 S.W.2d 166 (Tex.Cr.App.1973).

2. Appellant was jointly tried with James H. Woerner, Jr., whose conviction was affirmed in a per curiam opinion in Cause # 54,175, Tex. Cr.App., 563 S.W.2d 280, on this same date.

Woerner was represented by different counsel and no objection was made by Woerner to the complained of argument nor did he raise the same as a ground of error, nor argued that he was entitled to the benefit of the objection made by Jones' counsel.