Daniel CLARK, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 63455, 63456.

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 15, 1982.

Rehearing Denied Jan. 26, 1983.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty. and Jeffrey B. Keck, Bob Whaley & Mary Ludwick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and CLINTON and TEAGUE, JJ.

OPINION

ONION, Presiding Judge.

Appellant was charged with attempted capital murder in two separate indictments. In the first indictment, appellant was charged with the attempted capital murder of Waylon Bullard. In the second, he was charged with the attempted capital murder of James D. Humphreys. Both indictments alleged the offense of attempted capital murder proscribed by §§ 15.01 and 19.-03(a)(1) of the Texas Penal Code. Both indictments were based upon circumstances arising out of the same factual situation. With the consent of appellant, both cases were tried together. The jury returned verdicts of guilty in each case. The punishment was assessed by the jury at life.

Because of our disposition of the cases, no discussion of the facts is necessary.

Appellant complains the prosecutor's argument at the penalty stage of the trial was manifestly improper inviting the jury to consider the parole law in assessing punishment.

During the prosecutor's argument the record reflects:

"You know, traditionally they say there are three purposes for punishment of a criminal. The first one is punishment for the sake of punishment. An eye for an eye...

"So we have got to go to the next purpose for punishment, rehabilitation. Okay.

"You know that in February of 1974, what this pen packet tells you, he got a 20-year sentence and they put him in the federal penitentiary and they kept him there for three years and then they paroled him out.

"MR. POIROT (Defense Counsel): Your Honor, we object to that argument. That would be a statement calling the

Jury's attention to speculate on the Board of Pardons and Paroles and we object to it.

"THE COURT: Overruled.

"MR. POIROT: Note our exception.

"MS. LUDWICK (Prosecutor): He was paroled out to become what he was on July the 26th, 1978. He didn't even wait a year. Was he rehabilitated *by his little stint in the federal penitentiary?* Ask yourselves that. Did it keep him from going right back into dope dealing and robbing and trying to kill police officers? Didn't keep him down very long. You can't keep a good criminal down very long, can you?—especially a guy who sits here like he has and smirks and smiles. He enjoys it.

"You see any sign from this man, and you have observed him throughout the whole trial—I have looked over and watched him and I know you have, too. Have you seen a sign from him that he has been rehabilitated one iota? No. None.

"The third purpose for punishment is deterrence, to stop him and people like him from committing crime like these . . . ." (Emphasis supplied.)

The State concedes that it is improper for the State's counsel to affirmatively urge the jury to consider how long a defendant would actually be required to serve any punishment the jurors might impose. *Woerner v. State,* 576 S.W.2d 85 (Tex.Cr. App.1979); *Jones v. State,* 564 S.W.2d 718 (Tex.Cr.App.1978); *Clanton v. State,* 528 S.W.2d 250 (Tex.Cr.App.1975). And as the State points out, it is also error for the prosecutor to call upon the jury to abandon their duty to assess a fair punishment based on the evidence and to assess a greater penalty in order to allow the Department of Corrections or the Board of Pardons and Paroles to determine when the defendant should be released. *Jones v. State,* 522 S.W.2d 225 (Tex.Cr.App.1975); *Blount v. State,* 509 S.W.2d 615 (Tex.Cr.App.1974); *Hernandez v. State,* 366 S.W.2d 575 (Tex. Cr.App.1976).

The State argues the prosecutor's remarks were a plea for law enforcement and a statement that, based upon appellant's past history, a lengthy prison term would be required to rehabilitate him. We do not agree.

The argument in the case at bar went beyond a general urging of a lengthy penalty, but focused directly on the fact that appellant had been previously convicted and given a 20-year sentence but was granted parole after only three years. Compare *Hodge v. State,* 631 S.W.2d 754 (Tex.Cr. App.1982); *Carrillo v. State,* 566 S.W.2d 902 (Tex.Cr.App.1978). A reversal resulted in *Marshburn v. State,* 522 S.W.2d 900 (Tex. Cr.App.1975), where the prosecutor made a similar argument.

In *Marshburn* the prosecutor, inter alia, argued:

"The Judge has told you in his charge that *you have no control over the exact term of years that these men will serve; that's to be determined by the Board of Pardons and Paroles* and you will look in these judgments and you will find being sentenced from anywhere from two to five years *and you say five years and two years later they are out committing another offense. Look at the records."* (Emphasis in original.)

This argument considered in its context was not found to fall within any of the permissible areas of jury argument outlined in *Alejandro v. State,* 493 S.W.2d 230 (Tex. Cr.App.1973).

In discussing the argument by the prosecutor in *Marshburn,* supra, the opinion stated:

"This argument demonstrated the operation of the parole laws by inviting the jury to look at records of prior offenses which had been introduced into evidence to see how long it would take for a defendant to be released by the Board of Pardons and Paroles as compared to the length of the sentence originally assessed. *The effect of this argument is to demonstrate past applications of the parole law, asking the jury to increase the punishment which would otherwise be assessed,*

*in the ratio of five to two, so that the defendants will actually stay in prison for the length of time desired by the jury."* (Emphasis supplied.)

The argument at bar had a similar effect in that it demonstrated a ratio of 20 to three and "invited the jury to look at records of prior offenses to see how long it would take for a defendant to be released." *Marshburn,* supra. Although the remark at bar concerned the operation of the *federal* parole laws and not specifically the operation of the Board of Pardons and Paroles, the impact of the statement was not thereby reduced. The evil to be avoided is the consideration by the jury of parole in assessing punishment.

It is true that not every mention of or reference to parole laws necessitates reversal. This is especially so when the statement is of such a nature that the impropriety can be cured by prompt instruction of the trial court. See, e.g., *Franklin v. State,* 606 S.W.2d 818 (Tex.Cr.App.1978); *Holloway v. State,* 525 S.W.2d 165 (Tex.Cr.App. 1975); *Hughes v. State,* 493 S.W.2d 166 (Tex.Cr.App.1973); *Graham v. State,* 422 S.W.2d 922 (Tex.Cr.App.1968); *Pringle v. State,* 511 S.W.2d 35 (Tex.Cr.App.1974) (see, however, dissenting opinion of Judge Roberts, joined in by Presiding Judge Onion). Here, the trial court overruled appellant's objection and the jury did not receive the benefit of an instruction to disregard the comment.

Although the State is correct in noting that the prison records were in evidence, the records were introduced solely for the purpose of establishing appellant's prior record. The records were not and could not be introduced for the purpose of showing the jury how the parole laws operate (albeit through the federal parole laws here). Cf. *Dorsey v. State,* 450 S.W.2d 332 (Tex.Cr. App.1969) (Dissenting opinions, Onion, P.J.; Morrison, J.).

While it is common knowledge that inmates are frequently paroled before serving their full sentence, a jury in a felony case is not authorized to consider or apply parole law in assessing punishment. Uninvited ar-gument urging them to do so constitutes error. *Clanton v. State,* supra; *Jones v. State,* supra; *Hartman v. State,* 496 S.W.2d 582 (Tex.Cr.App.1973); *Hughes v. State,* 493 S.W.2d 166 (Tex.Cr.App.1973).

The judgment is reversed and the case remanded.