Carl Leonard WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00379–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 12, 1991.

Rehearing Denied Jan. 23, 1992.

Henry Burkholder, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Kimberly Aperauch Stelter, Carol Cameron and Carol Davis, Asst. Harris County Dist. Attys., for appellee.

Before TREVATHAN, C.J., and O'CONNOR and COHEN, JJ.

## OPINION ON REHEARING AFTER REMAND FROM THE COURT OF CRIMINAL APPEALS

COHEN, Justice.

We withdraw our opinion of October 10, 1991, substitute this opinion, and grant the appellant's motion for rehearing.

A jury convicted appellant of forgery, found two enhancement paragraphs true, and assessed punishment at 85–years confinement.

We affirmed the judgment in an unpublished opinion on May 5, 1988.[1] The Court of Criminal Appeals granted appellant's petition for discretionary review and remanded in light of *Rose v. State*, 752 S.W.2d 529, 552 (Tex.Crim.App.1988) (op. on reh'g). We again affirmed in an unpublished opinion on March 30, 1989.[2] However, because appellant's counsel did not file a brief on remand, the Court of Criminal Appeals again remanded the cause. *Williams v. State*, 790 S.W.2d 336, 337 (Tex.Crim.App. 1990). We again affirm.

Appellant's brief on remand raises one point of error, requesting a new trial on punishment because he was harmed by the parole instruction that was held unconstitutional in *Rose*. The trial judge gave the parole instruction over appellant's objection.

In our opinion of October 10, 1991, we held appellant's complaint was moot because the Texas Constitution was amended after appellant's trial to permit the legislature to require trial courts to give the jury instruction appellant received, TEX. CONST. art. IV, § 11(a), and the legislature then reenacted article 37.07 in almost identical form.[3] Thus, we concluded the issue was moot because the same instruction would be given at any new punishment hearing we might order.

After considering appellant's motion for rehearing, we conclude the issue is not moot. Appellant may have objections to the new statute that he has not had an opportunity to present. Indeed, he has presented to us, in his motion for rehearing, the objections he would make to the new statute, complaints not resolved by *Rose*. Holding the issue moot would forever deprive him of an opportunity to be heard on these constitutional issues. Consequently, we hold that the point is not moot, and we must decide whether appellant was harmed by *Rose* error. TEX. R.APP.P. 81(b)(2).

Factors to consider in determining harm include the curative instruction given by the trial court, the appellant's prior criminal record, the nature and facts of the offense, the jury argument, the jury's notes, the voir dire, the term assessed, and whether the defendant objected. *Sato v. State*, 797 S.W.2d 37, 38 (Tex.Crim.App. 1990).

1. *Williams v. State*, No. 01–86–00379, 1988 WL 45429 (Tex.App.—Houston [1st Dist.] 1988) (unpublished), *rev'd and remanded*, No. 0593–88 (Tex.Crim.App., Oct. 5, 1988) (unpublished).

2. *Williams v. State*, No. 01–86–00379, 1989 WL 28394 (Tex.App.—Houston [1st Dist] 1989) (unpublished), *rev'd and remanded*, 790 S.W.2d 336 (Tex.Crim.App.1990).

3. Act of June 19, 1987, 70th Leg., R.S., ch. 1101, § 15, 1987 Tex.Gen.Laws 3765, 3765–67, *amended by* Act of May 17, 1989, 71st Leg., R.S., ch. 103, § 1, 1989 Tex.Gen.Laws 442, 442–43, *now codified in* TEX.CODE CRIM.P.ANN. art. 37.07, § 4(a) (Vernon Supp.1991). *See* TEX. CONST. art. IV, § 11(a) (amended Nov. 7, 1989).

The jury found appellant guilty of forgery, found two enhancement paragraphs alleging successive convictions true, and assessed punishment at 85 years confinement. The punishment range was 25 years to life. TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1989).

Appellant passed a $1400.20 forged check at M/Bank on October 16, 1984. He requested $1,000 cash from the teller. The evidence included eyewitness identification of appellant by a police officer, testimony regarding his flight from the bank, and testimony he passed a forged check at another bank the next day. Both checks were the property of a church, which had discovered 200 of its checks and its check-writing machine missing in July 1983.

During voir dire, when questioned about previous jury duty, a prospective juror asked the prosecutor about the effect of parole on punishment. She was immediately told that parole could not be considered in reaching a verdict. The prospective juror was struck by defense counsel. In *Arnold v. State*, 786 S.W.2d 295, 301 n. 5 (Tex.Crim.App.1990), the court cited voir dire in this case as an example of parole discussion being quickly cut off.

The jury charge included a curative instruction that provided: "You are not to discuss among yourselves how long the defendant would be required to serve the sentence you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of Texas, and must not be considered by you." *See Arnold*, 786 S.W.2d at 311.

The jury sent out no notes about parole.

Neither attorney mentioned parole directly in closing arguments. During the punishment stage, the jury heard that appellant had been previously convicted of seven felonies and sentenced to a total of 78 years. His criminal record included two forgery convictions, three robberies by assault, possession of a short-barreled firearm, and possession of marijuana. The prosecutor asked for a sentence of at least 78 years and emphasized appellant's character as a "career criminal." She stated: "Carl Leonard Williams has already, in his

lifetime, in the last 18 years, our system has sentenced him to at total of 78 years in prison, and here he sits." Although the prosecutor did not directly mention parole law, this comment directed the jury's attention to the fact that appellant would probably not serve the entire sentence, and invited them to consider parole law in assessing punishment. The argument in this case was cited in *Arnold* as an example of argument that indirectly refers to parole. 786 S.W.2d at 302 n. 7.

Similar arguments have sometimes been upheld as a proper plea for law enforcement, *see Stephen v. State*, 677 S.W.2d 42, 45 (Tex.Crim.App.1984), *Harrell v. State*, 643 S.W.2d 686, 690–91 (Tex.Crim.App. 1982), and at other times condemned as reversible error. *See Clark v. State*, 643 S.W.2d 723, 724–25 (Tex.Crim.App.1983); *Marshburn v. State*, 522 S.W.2d 900, 901 (Tex.Crim.App.1975). We find this argument more like those approved in *Harrell* and *Stephen* and not as specific and lengthy as those condemned in *Clark* and *Marshburn*. Moreover, argument is only one factor to consider in evaluating harm, and it has no greater weight assigned to it than the other factors, nor does the presence or absence of any factor automatically require reversal. *Sato*, 797 S.W.2d at 38. In this case, the argument is the only factor supporting appellant's claim of harm. The improper part of the argument consisted of one sentence, to which appellant did not object, out of the prosecutor's 12-page argument. In *Sato*, the court affirmed even though the prosecutor made lengthy and repeated direct references to parole, the trial court gave no curative instruction, and the defendant had no prior convictions. 797 S.W.2d at 38. Moreover, even a direct reference to the parole charge was held harmless in *Arnold*, 786 S.W.2d at 315–16.

The offense here was not heinous. Forgery is a nonviolent crime. Appellant's criminal record, however, included three convictions for violent personal assaults (robberies by assault) and linked him to especially dangerous weapons (short-bar-

reled firearms), showing a capability and inclination for violent crime.

Given appellant's lengthy history of convictions for serious and violent criminal offenses, as well as other nonviolent offenses, we conclude that the jury's decision to assess a sentence greater than the State requested was unlikely to have been caused by the parole instruction. Indeed, the instruction told the jury that there was no difference, for parole eligibility purposes, between a sentence of 60 years and any greater sentence. Thus, the parole instruction could not have contributed to the last 25 years of appellant's 85 year sentence. The jury, nevertheless, disapproved of appellant strongly enough to add 25 years, knowing that would not delay his date of first parole eligibility. *See Arnold,* 786 S.W.2d at 306–07. We conclude that the error in giving the parole charge made no contribution to appellant's punishment. TEX.R.APP.P. 81(b)(2).

Point of error eight is overruled.

Having previously overruled appellant's remaining points of error in our original opinion, we need not discuss them.

The judgment is affirmed.