ACCEPTED
03-14-00236-CR
3655202
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/5/2015 4:23:02 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00236-CR

_____

IN THE COURT OF APPEALS FOR THE
THIRD DISTRICT OF TEXAS
AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/5/2015 4:23:02 PM
JEFFREY D. KYLE
Clerk

_____

*KEVIN TODD HARDIN*

Appellant

*v.*

*THE STATE OF TEXAS*,

Appellee

_____

**BRIEF OF APPELLANT
KEVIN TODD HARDIN**

_____

TRACY D. CLUCK
Texas Bar No. 00787254
1450 West Highway 290, #855
Dripping Springs, TX  78620
Telephone:  512-264-9997
E-Fax:      509-355-1867
tracy@tracyclucklawyer.com

ATTORNEY FOR APPELLANT
KEVIN TODD HARDIN

**ORAL ARGUMENT REQUESTED**

1

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to this appeal and the names and addresses of those parties' counsel:

APPELLANT/DEFENDANT

Kevin Todd Hardin

COUNSEL FOR APPELLANT

Tracy D. Cluck
1450 West Highway 290, #855
Dripping Springs, TX 78620
tracy@tracyclucklawyer.com

APPELLEE/STATE

State of Texas, District Attorney's
Office of the 424th & 33rd
Judicial District

COUNSEL FOR APPELLEE/STATE

Wiley B. McAfee, D.A.
Gary Bunyard, Asst. D.A.
g.bunyard@co.llano.tx.us

Trial Court:                    The Honorable Dan Mills
                                424th Judicial District Court Judge
                                Burnet County, Texas

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND
COUNSEL………………………………………………...............2

TABLE OF
CONTENTS………………………………………………………3

TABLE OF
AUTHORITIES…………………………………………………..4

ISSUES
PRESENTED…………………………………………….............5

STATEMENT OF
FACTS……………………………………………………………6

STATEMENT OF THE CASE………………………………..8

SUMMARY OF THE
ARGUMENT…………………………………………………….9

ARGUMENT…………………………………………………….9

    I.    The Trial Court Erred In Denying Appellant's Objections
to Improper Jury Argument by the State During
the Punishment Phase of
his Trial………………………………………………….9

        A.    Standard of Review………………………………10

        B.    Argument………………………………………...11

CONCLUSION AND PRAYER…………………………………15

CERTIFICATE OF SERVICE…………………………………16

CERTIFICATE OF WORD COUNT………………………….17

# TABLE OF AUTHORITIES

**CASES**                                                                    **Page**

*Clark v. State,* 643 S.W.2d 723 (Tex.Crim.App. 1982)..……12

*Harwood v. State,* 961 S.W.2d 531
    (Tex.App.—San Antonio 1997, no pet.)…………….....12

*Hawkins v. State, 135 S.W.3d 72 (Tex.Crim.App. 2004)*..10,12,14

*Helleson v. State, 5 S.W.3d 393*
    *(Tex.App.—Fort Worth 1999 pet. ref'd)*………………12

*King v. State,* 953 S.W.2d 266 (Tex.Crim.App. 1997)………10

*Martinez v. State,* 17 S.W.3d 677 (Tex.Crim.App. 2000)…...10

*Mosley v. State,* 983 S.W.2d 249 (Tex.Crim.App. 1998)……10


**STATUTES & RULES**

Tex. Code Crim. Pro art. 37.07§4(c)………………………..12

Tex. Penal Code §38.04(b)(2)(A)………………………….8,14

Tex. Penal Code §12.42……………………………………..12

Tex. R. App. P. 44.2(b)…………………………………10,15

## ISSUE PRESENTED

1.      Whether the trial court erred by overruling Appellant's objection to improper jury argument by the State regarding parole and good time credit.

TO THE HONORABLE COURT OF APPEALS:

Appellant Kevin Todd Hardin respectfully submits this his brief in support of his appeal from the jury's verdict of guilt and the sentence given him by the jury. The parties will be referred to by name or by their designation in the appeals court.

The Clerk's Record will be cited by page number as "Tr.____ [page #]." The Court Reporter's Record will be cited by volume and page number as "R—Vol. ___[volume #], pg.____[page number], and where necessary, [#] _____[line number].

## STATEMENT OF THE FACTS

Appellant was charged with Evading Arrest or Detention with a Vehicle enhanced with two prior felonies. Tr. 4. This charge arose from an incident that occurred on April 21, 2013 in Granite Shoals, Texas where Appellant was identified by police as the person driving a vehicle which failed to stop for a traffic violation. R—Vol. 3, p. 16-28. Appellant entred a plea of "not guilty" to the charge and "not true" to the enhancements. R.—Vol. 3, p. 7; Vol. 4, p. 7, 8. Appellant was convicted by the jury. R.—Vol. 3, p. 62; Tr. 48. At the conclusion of the punishment phase of the trial, the attorney for the state made

6

two arguments to the jury—one before Appellant argued and one after Appellant argued. R.—Vol. 4, p. 49, 57.

In his initial closing argument to the jury, State's Counsel argued:

". . . of some interest in this is this offense is a quarter-time offense, which means that when your actual time served [at this time Appellant's counsel objected to this line of argument as 'going into parole' which was overruled, with the court opining, that it 'thinks' that State's Counsel is only arguing the jury instructions]. . . which means—and I'm just using 40 because it makes it really easy for me to do the math—if you sentence him to 40 [at this time Appellant's counsel again objected arguing that this line of argument is 'improper closing argument' which was also explicitly overruled by the trial court] . . . [t]ake 40 years . . . [s]ince it's a quarter-time offense he is eligible for parole when he has served 10 years, but that's not ten years . . . [t]hat's actual time and good time . . . [a]nd if he gets one-for-one that would be five years actual time, five years good time, so he would be eligible for parole on 40 years in five . . . [i]f you give him 60 it's 15 and it becomes seven-and-a-half . . . also, everything over 60 years is treated as 60, so it's all 15." R.—Vol. 4, pp. 49-52.

7

In his concluding closing argument to the jury, the State's Counsel argued that " . . . 99 years does one thing really interesting . . . I know even if you put 99 on there . . . he will be eligible for parole potentially in eight years . . . 99 years sends him a message . . . I ask that you give him 99 years." R.—Vol4, pp. 57-59.

The jury assesed a sentence of 99 years. R.—Vol. 4, p. 60; Tr. 56. This appeal follows. R.—Vol. 4, p. 65; Tr. 49, 59.

## STATEMENT OF THE CASE

Appellant was charged by indictment with one count of Evading Arrest or Detention with a Vehicle. Tr. 4.; Tex. Pen. Code §38.04(b)(2)(A). The State alleged two prior felony enhancements in the indictment. Tr. 4.

After a jury trial, Appellant was convicted by the jury. Tr. 48. The jury, after finding both enhancements "True", assessed the following punishment: 99 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Tr. 56. A judgment of guilt was entered by the trial court consistent with the jury's punishment verdict. Tr. 57. This appeal follows. Tr. 49, 59.

## SUMMARY OF THE ARGUMENT

Appellant asserts one point of error.  Appellant argues that the trial court erred by overruling his objections to improper jury argument by the state in the punishment phase of his trial.  The trial court overruled two objections by Appellant to the jury argument by the state at the punishment phase of the trial.  The State's jury argument improperly calculated Appellant's parole eligibility and potential good-time credit specific to Appellant and was, as such, improper.  The jury assessed the punishment requested by the State in its closing argument—99 years.  The jury charge did not correct this error in light of the trial court's imprimatur of propriety by overruling Appellant's objections to the improper argument.  Appellant was harmed by the error—the jury assessed the maximum term requested by the State in its closing argument:  99 years in prison.  Therefore, Appellant's sentence should be vacated and this case should be remanded to the trial court for a new punishment trial.

## ARGUMENT

**I.**    **The trial court erred by overruling Appellant's objections to improper jury argument by the state regarding parole and good time credit.**

## A. <u>Standard of Review</u>

Improper jury argument is non-constitutional error subject to harm analysis. *Hawkins v. State*, 135 S.W.3d 72 (Tex.Crim.App. 2004); *See Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998)(overruled on other grounds); Tex.R.App.Pro. 44.2(b). To determine harm, the appellate court determines whether the improper argument affect a substantial right. *See* Tex.R.App.P. 44.2(b); *Martinez v. State*, 17 S.W.3d 677, 692 (Tex.Crim.App. 2000). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). The appellate court balances three factors in making a determination of harm where improper jury argument is at issue: (1) the severity of the misconduct—its prejudicial effect; (2) the measures adopted to cure the misconduct; and, (3) the certainty of the punishment assessed absent the misconduct—the likelihood of the same punishment being assessed absent the error. *See Hawkins*, 135 S.W.2d at 77. Where improper jury argument at the punishment phase of a trial results in harm, the sentence should be vacated and the case remanded to the trial court for a new punishment hearing. *See Hawkins*, 135 S.W.2d 72.

## B. <u>Argument</u>

The trial court erred by overruling Appellant's objections to improper jury argument by the state in the punishment phase of his trial. R.—Vol 4, pp. 49-50. During his closing argument at the punishment phase of Appellant's jury trial counsel for the State calculated for the jury Appellant's parole eligibility for the instant offense, which he referred to as a "quarter-time offense," using a formula that he told the jury "makes it really easy for me to do the math." R.—Vol. 4, pp. 49-50. Counsel went so far as to argue that Appellant would receive "one-for-one" good time credit. *Id.* at 50. Additionally, State's counsel informed the jury of how the parole laws and good-time credit were applied to Appellant in the past as an indication of how they would be applied to Appellant in this case. *Id*. at 50. This error was compounded by State's counsel asking the jury to assess a sentence of 99 years and informing the jury that Appellant would be eligible for parole in only eight years (a number that requires the application of a specific good-time credit to this Appellant). *Id*. at 57-59.

State's counsel not only invited the jury to calculate the application of parole laws and good-time credit to this particular Appellant, counsel performed the calculation for the jury. At no time did State's counsel make

11

any concessions or arguments to ameliorate this improper jury argument. Additionally, and perhaps most importantly, the trial court not only failed to take any corrective action to instruct the jury to disregard this improper argument, it gave the calculation of the application of the parole laws and award of good-time credit for Appellant its imprimatur by expressly overruling both of Appellant's objections. R.—Vol. 4, pp. 49-50.

A jury is permitted to consider the existence of parole law. See Tex. Code Crim. Pro. art. 37.07 §4(c). However, the jury is prohibited from considering how parole law and good-time may be applied to the particular citizen before them. *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex.Crim.App. 2004); *Harwood v. State*, 961 S.W.2d 531, 544 (Tex.App.—San Antonio 1997, no pet.). It is improper for the prosecution to ask the jury to consider how long the defendant would be required to serve in order to satisfy any punishment imposed. *Clark v. State*, 643 S.W.2d 723, 724 (Tex.Crim.App. 1982). References to how long a defendant has served for previous sentences is an invitation for the jury to consider parole in its calculation of an appropriate punishment. *See Helleson v. State*, 5 S.W.3d 393, 398 (Tex.App.—Fort Worth 1999, pet. ref'd). Here the jury argument by the State went beyond the permissible purpose of considering eligibility for parole, crossing over the line

12

into an impermissible request to consider how the parole law and good-time credit would be applied to the particular defendant before the jury in the future.

The prejudicial effect of the improper jury argument by the State is manifest in the 99 year sentence imposed on Appellant by the jury. The State made an explicit and lengthy argument to the jury for a 99 year sentence. While making this very detailed argument for why the jury should assess 99 years, the State argued that 99 years would in fact be an 8 year sentence. First, the State made the argument to the jury for 99 years in the context of its earlier calculation of good-time credit and the previous application of parole law to Appellant. Next, the State verbalized "99 years" to the jury numerous times in its closing argument. And finally, the State argued that a sentence of 99 years would in reality be an 8 year sentence (a number than necessarily requires the application of specific good-time credit to Appellant). It is no surprise that in the context of this detailed and lengthy improper argument, the jury complied with the request of the State and assessed punishment at 99 years. It would be incredulous to argue that the prejudicial effect of the improper jury argument by the State is not severe.

13

In the case at bar, the jury was properly instructed in the punishment charge regarding the existence of parole law and good-time credit. Tr. 52. However, neither the trial court nor State's counsel took any curative measures to ameliorate the error. Moreover, the jury assessed the maximum punishment requested by the State—99 years in prison. Proper jury instructions are but one factor to be considered in determining harm. *See Hawkins*, 135 S.W.3d at 84. Given the record as a whole, the jury instructions did little if anything to cure the harmful effect of the improper jury argument.

Appellant was sentenced as a habitual offender for the offense of Evading Arrest. Tex. Pen. Code §38.04(b)(2)(A). The range of punishment available to the jury was 25-99 years in prison or life. Tex. Pen. Code §12.42. Appellant was sentenced to the maximum allowed by law, and perhaps more importantly, the exact sentence the state asked the jury to assess in the context of an improper jury argument about what sentence should be assessed. Appellant's brother testified about Appellant being a generally good person when he is not in the throes of drug addiction and that Appellant has not had any drug rehabilitation. R.—Vol. 4. pp. 25-26, 31. There was testimony at trial that Appellant is not a violent person. R.—Vol. 4, pp. 17-18. Appellant's mother also testified that Appellant is not a violent person, has

never received treatment for his drug additions, and that he has a supportive family. R.—Vol. 4, pp. 35-37. A balancing of the facts available to the jury in assessing punishment shows that there is significant doubt that the same sentence—99 years—would have been assessed by the jury absent the improper jury argument and the trial court overruling Appellant's objections to that improper argument.

When all of the factors in assessing harm, as outlined above, are considered and balanced, the trial court's error in overruling Appellant's objections to the improper jury argument by the State regarding the application of parole law and good-time credit, cannot be said to be harmless—that it did not have a substantial effect on the jury's verdict. Therefore, this court should vacate Appellant's sentence and remand this case to the trial court for a new punishment trial. Tex. R. App. Pro 44.2(b).

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Kevin Todd Hardin, respectfully prays that this Court vacate his sentence and remand this case to the trial court for a new punishment trial. Appellant further prays that

the Court grant such other and further relief to which Appellant is justly entitled.

Respectfully submitted,

/s/ Tracy D. Cluck

_____

TRACY D. CLUCK
Texas Bar No. 00787254
1450 West Highway 290, #855
Dripping Springs, TX  78620
Telephone:  512-264-9997
E-Fax:        509-355-1867
tracy@tracyclucklawyer.com

ATTORNEY FOR APPELLANT
KEVIN TODD HARDING

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Brief of Appellant, Kevin Todd Hardin, has been served on the attorney listed below by E-Serve and e-mail, on January 5, 2015:

424th & 33rd District Attorney's Office
Mr. Wiley B. McAfee, Dist. Atty.
Mr. Gary Bunyard, Asst. Dist. Atty.
g.bunyard@co.llano.tx.us

/s/ Tracy D. Cluck

_____

TRACY D. CLUCK

## CERTIFICATE OF WORD COUNT

I certify that the pertinent portion of the brief for the Appellant, Kevin Todd Hardin, is comprised of approximately 2603 words.

/s/ Tracy D. Cluck

TRACY D. CLUCK