

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| RICKY JOE MONTGOMERY, | | No. 08-13-00032-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 355th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Hood County, Texas |
| | § | |
| Appellee. | | (TC # CR12199) |
| | § | |

**O P I N I O N**

Ricky Joe Montgomery appeals his conviction of delivery of more than one but less than four grams of methamphetamine, enhanced by two prior felony convictions. A jury found Appellant guilty, found the enhancement paragraphs true, and assessed his punishment at imprisonment for ninety-nine years. We affirm.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his sole issue, Appellant contends that trial counsel's failure to object to the prosecutor's improper jury argument urging the jury to apply the parole law to Appellant deprived him of his right to the effective assistance of counsel. The State responds that the prosecutor's argument was permissible because defense counsel invited it.

Both the United States and the Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX.CONST. art. I, § 10; TEX.CODE

CRIM.PROC.ANN. art. 1.05 (West 2005). This right includes the right to reasonably effective assistance. *Strickland v. Washington*, 466 U.S. 668, 683-86, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984). In *Strickland*, the Supreme Court set forth the standard of review for evaluating claims of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The two-prong *Strickland* test requires Appellant to show that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's performance prejudiced his defense. *Id*. Prejudice requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Id*.; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); *Vasquez v. State*, 830 S.W.2d 948, 949 (Tex.Crim.App. 1992). Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998). In analyzing a claim for ineffective assistance, we begin with the strong presumption that counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Appellant must overcome the presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and that, under the circumstances, the challenged action might be considered sound trial strategy. *Thompson*, 9 S.W.3d at 814. Counsel's action or inaction will be found reasonable if the record is silent as to the facts, circumstances, or rationale behind a particular course of action. *Id.*

Proper jury argument falls within one of the following categories: (1) summation of the

evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex.Crim.App. 2011); *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex.Crim.App. 2000). When examining challenges to jury argument, we consider the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App. 1988). Even when an argument exceeds the permissible bounds of these approved areas, it will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Todd v. State*, 598 S.W.2d 286, 296-97 (Tex.Crim.App. 1980); *see Brown v. State*, 270 S.W.3d 564, 570 (Tex.Crim.App. 2008). In most instances, an instruction to disregard the remarks will cure the error. *Freeman*, 340 S.W.3d at 727-28.

At the beginning of the punishment phase of trial, defense counsel told the jury that the State was going to introduce evidence of Appellant's criminal history. She then added:

> [Defense counsel]: I would also like for you to recall and keep in mind, he does have a wife, he's got a grandson, and we're going to be asking you to look for and hopefully give a sentence that will give Mr. Montgomery a hope of at some point being paroled out, now, a light at the end of the tunnel, something that makes him, while at TDC, work and behave and -- and think to himself, 'If I can better myself and if I can prove myself in all of this, after all of this, perhaps I will have an opportunity to be out,' even if he's 70 years old, just a chance that we're not throwing away the key. And, again, the -- you'll be instructed as to the possibility of good time and -- and things of that nature, so it will motivate him to try his best to increase the possibility of perhaps getting paroled and having an opportunity at a life of some fashion with his family at some point in the future, that it is not completely over and there's nothing to look forward to.

During his opening argument, the prosecutor read the portion of the charge related to parole law to the jury and stated that even if the jury gave Appellant the maximum sentence of

99 years or life, he would still become eligible parole in fifteen years including time served and good conduct time. The prosecutor also explained that an inmate could get good conduct time if he participated in different programs but he stressed that the jury would not know how much credit a person would get. He then made the following argument:

> [The prosecutor]: And you're not supposed to go back there and -- and determine what that is, but it's going to be some -- something less than 15 years a person is going to become eligible for parole. So what you need to understand here, the defendant's 53 years old. Okay? At some point, he's going to get out, no matter what you do today. It doesn't matter if you give the defendant the absolute maximum, which is life, he's going to get out. He's going to be eligible for parole. And he can go down there and he can determine how much good time he gets or doesn't get. Okay? So just when you're taking into consideration all that, just remember when you're looking at justice, look at our community, consider all of this, and -- and then determine what is the message that you want to send in this case.

During her final argument, trial counsel told the jury that parole eligibility did not mean that a person would necessarily get parole. She argued that the parole board would consider Appellant's criminal history and it was unlikely he would be released when he first became eligible due to that history.

During rebuttal, the prosecutor responded with the following argument:

> [The prosecutor]: [Defense counsel] laughs and says, 'Oh, how often do you think people are paroled the first time?' Well, I'll tell you, on a non-aggravated drug case, it's a pretty high percentage. Okay? I can't guarantee you how long the defendant's going to be on -- in no matter how long you put him in there.

> .     .     .

> And I can't guarantee you that if you give him a 99-year sentence that he is going to be down there for 99 years, or even for 15 years, but I can guarantee you one thing, that for every day he is in the penitentiary, he is not going to be selling drugs in Hood County or anywhere else.

A jury may neither consider nor apply parole law in making punishment determinations. *Harwood v. State*, 961 S.W.2d 531, 544 (Tex.App.--San Antonio 1997, no pet.). It is improper for the prosecution to ask the jury to consider how long the defendant would be required to serve in order to satisfy any punishment imposed. *Clark v. State*, 643 S.W.2d 723, 724 (Tex.Crim.App. 1982). However, a defendant cannot complain of improper prosecutorial argument if he invited the argument. *Ripkowski v. State*, 61 S.W.3d 378, 394 (Tex.Crim.App. 2001).

During her opening statement at the punishment phase, defense counsel effectively asked the jury to apply the parole law when assessing Appellant's punishment and the prosecutor responded during his final argument. Defense counsel continued to apply the parole law to Appellant's particular situation during her closing argument and she urged the jury to reject the idea that Appellant would be paroled the first time he became eligible. It appears that defense counsel make a conscious, strategic decision to present these arguments as part of her defensive strategy even though it opened the door to the prosecutor to respond. Because it was invited by defense counsel's open statement and closing argument, the prosecutor's argument regarding parole law was not improper. *See Ripkowski* 61 S.W.3d at 394. Defense counsel was not ineffective for failing to object to the prosecutor's closing argument. Appellant has failed to establish that he was denied the effective assistance of counsel at trial. We overrule the sole issue presented on appeal and affirm the judgment of the trial court.

February 11, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
(Rivera, J., not participating)

(Do Not Publish)