**422-15**

NO. PD-0422-15

ORIGINAL

COURT OF APPEALS NO. 03-14-00236-CR

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 04 2015

Abel Acosta, Clerk

KEVIN TODD HARDIN,
Appellant/Petitioner

v.

THE STATE OF TEXAS,
Appellee/Respondent

FILED IN
COURT OF CRIMINAL APPEALS

MAY 04 2015

Abel Acosta, Clerk

On appeal from the Third Court of Appeals
Austin, Texas

PETITION FOR DISCRETIONARY REVIEW

KEVIN TODD HARDIN
PETITIONER
TDCJ No. 01920319
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

## TABLE OF CONTENTS

Page

Index of Authorities.........................................ii

Statement Regarding Oral Argument................................1

Statement of the Case..........................................1

Statement of Procedural History...............................2

Question Presented for Review.................................2

Argument......................................................2

Prayer........................................................9

Certificate of Service.......................................10

Appendix

    Court of Appeals' Memorandum Opinion

i

# INDEX OF AUTHORITIES

CASES                                                                 Page

Clark v. State, 643 S.W.2d 723 (Tex.Crim.App. 1982)...........7

Hardin v. State, No. 03-14-00236-CR (Tex.App.-Austin 2015)......2

Harwood v. State, 961 S.W.2d 531 (Tex.App.-San Antonio 1997)....6

Hawkins v. State, 135 S.W.3d 72 (Tex.Crim.App. 2004)........5,6,8

Helleson v. State, 5 S.W.3d 393 (Tex.App.-Fort Worth 1999)......7

King v. State, 953 S.W.2d 266 (Tex.Crim.App. 1997).............5

Martinez v. State, 17 S.W.3d 677 (Tex.Crim.App. 2000)..........5

Mosley v. State, 983 S.W.2d 249 (Tes.Crim.App. 1998)...........5


STATUTES

TEX. CODE CRIM. PROC. art. 37.07 § 4(c)........................6

TEX. PEN. CODE § 12.42.........................................8

TEX. PEN. CODE § 38.04(b)(2)(A)..............................1,8


TEXAS RULES OF APPELLATE PROCEDURE

TEX. R. APP. P. 44.2(b)......................................5,9

PD-0422-15

COURT OF APPEALS NO. 03-14-00236-CR

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

KEVIN TODD HARDIN,
Appellant/Petitioner

v.

THE STATE OF TEXAS,
Appellee/Respondent

On appeal from the Third Court of Appeals
Austin, Texas

PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

KEVIN TODD HARDIN, Appellant/Petitioner, petitions the Court to review the decision affirming his judgment and sentence in case number 03-14-00236-CR.

STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes that oral argument would assist the Court in discerning the applicable case law and the pertinent facts. Petitioner, therefore, requests oral argument.

STATEMENT OF THE CASE

This case involves a prosecution for evading arrest with a vehicle, a third-degree felony. TEX. PENAL CODE § 38.04(b)(2)(A).

1

Kevin Todd Hardin, Petitioner, was indicted and charged with one count of evading arrest or detention with a motor vehicle. CR1:4. The indictment contained two additional allegations that Mr. Hardin had been previously convicted of two other felonies.

Petitioner elected a jury for guilt-innocence and punishment in the event he was found guilty. The jury found Mr. Hardin guilty and assessed punishment at 99 years' imprisonment. CR1:56.

Mr. Hardin timely filed a notice of appeal. CR1:59. The Court of Appeals for the Third District affirmed Petitioner's conviction and sentence.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals for the Third District of Texas issued a memorandum opinion on March 25, 2015. The Court affirmed Mr. Hardin's judgment and sentence. **Hardin v. State**, No. 03-14-00236-CR (Tex. App.-Austin March 25, 2015).

Mr. Hardin filed a motion to extend the time for filing his petition for discretionary review and a motion to suspend Rule 9.3(b) of the Texas Rules of Appellate Procedure on April 7, 2015.

## QUESTION PRESENTED FOR REVIEW

Did the trial court err by overruling Kevin Todd Hardin's objection to improper jury argument by the State regarding parole and good time credit?

## ARGUMENT

This case presents a non-constitutional question ripe for review. In overruling Petitioner Kevin Todd Hardin's only point, which concerns improper jury argument, the Third Court of Appeals issued a decision that conflicts with decisions of other courts

2

of appeals and has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals. See TEX. RULES APP. PROC. Rule 66.3(a) and (c).

## Factual Background

Petitioner was charged with Evading Arrest or Detention with a Motor Vehicle, enhanced with two prior felony convictions. CR1:4. This charge arose from an incident that occurred on April 21, 2013 in Granite Shoals, Texas where Petitioner was identified by police as the person driving a vehicle which failed to stop for a traffic violation. RR3:16-18. Petitioner entered a plea of "not guilty" to the charge and "not true" to the enhancements. RR3:7; RR4:7-8. Petitioner was convicted by the jury. RR3:62; CR1:48. At the conclusion of the punishment phase of the trial, the attorney for the State made two arguments to the jury - one before Petitioner argued and one after Petitioner argued. RR4:49, 57.

In his initial closing argument to the jury, State's Counsel argued:

"...of some interest in this is this offense is a quarter-time offense, which means that when your actual time served [at this time Petitioner's counsel objected to this line of argument as 'going into parole' which was overruled, with the court opining that it 'thinks' that State's Counsel is only arguing the jury instructions]...which means - and I'm just using 40 because it makes it really easy for me to do the math - if you sentence him to 40 [at this time Petitioner's counsel again objected arguing that this line of argument is 'improper closing argument' which was

3

also explicitly overruled by the trial court]...[t]ake 40 years... [s]ince it's a quarter-time offense he is eligible for parole when he has served 10 years, but that's not ten years...[t]hat's actual time and good time...[a]nd if he gets one-for-one that would be five years actual time, five years good time, so he would be eligible for parole on 40 years in five...[i]f you give him 60 it's 15 and it becomes seven-and-a-half...also, everything over 60 years is treated as 60, so it's all 15." RR4:49-52.

In his concluding closing argument to the jury, the State's Counsel argued that "...99 years does one thing really interesting...I know even if you put 99 on there...he will be eligible for parole potentially in eight years...99 years sends him a message...I ask that you give him 99 years." RR4:57-59.

The jury assessed a sentence of 99 years. RR4:60; CR1:56. The Court of Appeals for the Third District of Texas overruled Petitioner's sole point of error and this proceeding follows.

### Improper Jury Argument Issue

In overruling the improper jury argument issue raised by Mr. Hardin, the Third Court of Appeals construed the reversible error standard for non-constitutional error in an unjustifiably liberal manner (from the State's point of view). Tacitly conceding that the prosecutor's comments were improper, the Court of Appeals focused its attention on whether Petitioner's substantial rights were affected. The Court somewhat remarkably found that the prosecutor's improper comments, which likely increased Petitioner's sentence, were harmless and did not affect his substantial rights.

4

## A. Standard of Review

Improper jury argument is non-constitutional error subject to harm analysis. **Hawkins v. State**, 135 S.W.3d 72 (Tex.Crim.App. 2004); See **Mosley v. State**, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998) (overruled on other grounds); **Tex.R.App.Pro. 44.2(b)**. To determine harm, the appellate court determines whether the improper argument affect a substantial right. See **Tex.R.App.Pro. 44.2(b)**; **Martinez v. State**, 17 S.W.3d 677, 692 (Tex.Crim.App. 2000). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. **King v. State**, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). The appellate court balances three factors in making a determination of harm where improper jury argument is at issue: (1) the severity of the misconduct - its prejudicial effect; (2) the measures adopted to cure the misconduct; and (3) the certainty of the punishment assessed absent the misconduct - the likelihood of the same punishment being assessed absent the error. See **Hawkins**, 135 S.W.3d at 77. Where improper jury argument at the punishment phase of a trial results in harm, the sentence should be vacated and the case remanded to the trial court for a new punishment hearing. See **Hawkins**, 135 S.W.3d 72.

## B. Argument

The trial court erred by overruling Petitioner's objections to improper jury argument by the State in the punishment phase of his trial. RR4:49-50. During his closing argument, at the punishment phase of Petitioner's jury trial, counsel for the State calculated for the jury Petitioner's parole eligibility for the instant

5

offense, which he referred to as a "quarter-time offense," using a formula that he told the jury "makes it really easy for me to do the math." RR4:49-50. Counsel went so far as to argue that Petitioner would receive "one-for-one" good time credit. **Id.** at 50. Additionally, State's counsel informed the jury of how the parole laws and good-time credit were applied to Petitioner in the past as an indication of how they would be applied to Petitioner in this case. **Id.** at 50. This error was compounded by State's counsel asking the jury to assess a sentence of 99 years and informing the jury that Petitioner would be eligible for parole in only eight years (a number that requires the application of a specific good-time credit to this Petitioner). **Id.** at 57-59.

State's counsel not only invited the jury to calculate the application of parole laws and good-time credit to this particular Petitioner, counsel performed the calculation for the jury. At no time did State's counsel make any concessions or arguments to ameliorate this improper jury argument. Additionally, and perhaps most importantly, the trial court not only failed to take any corrective action to instruct the jury to disregard this improper argument, it gave the calculation of the application of the parole laws and award of good-time credit for Petitioner its imprimatur by expressly overruling both of Petitioner's objections. RR4:49-50.

A jury is permitted to consider the existence of parole law. See **Tex. Code Crim. Proc. art. 37.07 § 4(c).** However, the jury is prohibited from considering how parole law and good-time may be applied to the particular citizen before them. **Hawkins,** 135 S.W.3d at 84; **Harwood v. State,** 961 S.W.2d 531, 544 (Tex.App.-San Antonio

6

1997, no pet.). It is improper for the prosecution to ask the jury to consider how long the defendant would be required to serve in order to satisfy any punishment imposed. **Clark v. State**, 643 S.W.2d 723, 724 (Tex.Crim.App. 1982). Refernces to how long a defendant has served for previous sentences is an invitation for the jury to consider parole in its calculation of an appropriate punishment. See **Helleson v. State**, 5 S.W.3d 393, 398 (Tex.App.-Fort Worth 1999, pet. ref'd). Here the jury argument by the State went beyond the permissible purpose of considering eligibility for parole, crossing over the line into an impermissible request to consider how the parole law and good-time credit would be applied to the particular defendant before the jury in the future.

The prejudicial effect of the improper jury argument by the State is manifest in the 99 year sentence imposed on Petitioner by the jury. The State made an explicit and lengthy argument to the jury for a 99 year sentence. While making this detailed argument for why the jury should assess 99 years, the State argued that 99 years would in fact be an 8 year sentence. First, the State made the argument to the jury for 99 years in the context of its earlier calculation of good-time credit and the previous application of parole law to Petitioner. Next, the State verbalized "99 years" to the jury numerous times in its closing argument. And finally, the State argued that a sentence of 99 years would in reality be an 8 year sentence (a number that necessarily requires the application of specific good-time credit to Petitioner). It is no surprise that in the context of this detailed and lengthy improper argument, the jury complied with the request of the State and

7

assessed punishment at 99 years. It would be incredulous to argue that the prejudicial effect of the improper jury argument by the State is not severe.

In the case at bar, the jury was properly instructed in the punishment charge regarding the existence of parole law and good-time credit. CR1:52.However, neither the trial court nor State's counsel took any curative measures to ameliorate the error. Moreover, the jury assessed the maximum punishment requested by the State - 99 years in prison. Proper jury instructions are but one factor to be considered in determining harm. See **Hawkins**, 135 S.W.3d at 84. Given the record as a whole, the jury instructions did little, if anything, to cure the harmful effect of the improper jury argument.

Petitioner was sentenced as a habitual offender for the offense of Evading Arrest. **Tex. Pen. Code § 38.04(b)(2)(A)**. The range of punishment available to the jury was 25-99 years or life in prison. **Tex. Pen. Code § 12.42**. Petitioner was sentenced to the maximum allowed by law, and perhaps more importantly, the exact sentence the State asked the jury to assess in the context of an improper jury argument about what sentence should be assessed. Petitioner's brother testified about Petitioner being a generally good person when he is not in the throes of drug addiction and that Petitioner has not had any drug rehabilitation. RR4:25-26, 31. There was testimony at trial that Petitioner is not a violent person. RR4:17-18. Petitioner's mother also testified that Petitioner is not a violent person, has never received treatment for his drug addictions, and that he has a supportive family. RR4:35-

8

37. A balancing of the facts available to the jury in assessing punishment shows that there is significant doubt that the same sentence - 99 years - would have been assessed by the jury absent the improper jury argument and the trial court overruling Petitioner's objections to that improper argument.

When all of the factors in assessing harm, as outlined above, are considered and balanced, the trial court's error in overruling Petitioner's objections to the improper jury argument by the State regarding the application of parole law and good-time credit, cannot be said to be harmless - that it did not have a substantial effect on the jury's verdict. Therefore, This Court should vacate Petitioner's sentence and remand this case to the trial court for a new punishment trial. **Tex. R. App. Proc. 44.2(b).**

In short, the Third Court of Appeals' loose construction of Rule 44.2(b) of the Texas Rules of Appellate Procedure greatly expands the scope of what constitutes harmless error beyond that permitted by the plain language of the rule. As a result, Mr. Hardin respectfully suggests that some guidance from the Court of Criminal Appeals is needed.

### PRAYER

For the reasons herein alleged, Petitioner Kevin Todd Hardin prays that this Court grant this petition and, upon reviewing the judgment entered below, reverse this cause and remand this case for a new punishment trial.

Respectfully submitted,

KEVIN TODD HARDIN
PETITIONER

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the fore-going petition has been served by placing same in the United States Mail, postage prepaid, addressed to: Burnet County District Attorney's Office, P.O. Box 725, Llano, Texas 78643 and State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711-3046, on this the 28th day of April , 2015.

_Kevin Todd Hardin_
KEVIN TODD HARDIN
PETITIONER

APPENDIX

Court of Appeals' Memorandum Opinion

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED MARCH 25, 2015

### NO. 03-14-00236-CR

**Kevin Todd Hardin, Appellant**

v.

**The State of Texas, Appellee**

---

**APPEAL FROM 424TH DISTRICT COURT OF BURNET COUNTY
BEFORE CHIEF JUSTICE ROSE, JUSTICES GOODWIN AND FIELD
AFFIRMED -- OPINION BY JUSTICE FIELD**

---

This is an appeal from the judgment of conviction rendered by the trial court. Having reviewed the record and the parties' arguments, the Court holds that there was no reversible error in the trial court's judgment. Therefore, the Court affirms the trial court's judgment of conviction. Because appellant is indigent and unable to pay costs, no adjudication of costs is made.

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00236-CR

**Kevin Todd Hardin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT NO. 41725, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## MEMORANDUM OPINION

A jury found appellant Kevin Todd Hardin guilty of evading arrest with a vehicle, a third-degree felony. *See* Tex. Penal Code § 38.04(b)(2)(A). After finding that Hardin had previously been convicted of two other felonies, the jury assessed punishment at 99 years' imprisonment, and the trial court rendered judgment on the jury's verdict. *See id.* § 12.42(d). In his sole point of error on appeal, Hardin argues that the trial court erred by overruling his objections to comments the prosecutor made during closing argument. We will affirm the trial court's judgment of conviction.

## BACKGROUND

During the punishment phase of trial, Hardin pleaded not true to two enhancement allegations. The State presented testimony and evidence of Hardin's prior convictions, and Hardin called two character witnesses. During the State's closing argument, the following exchange occurred:

[State:] Now, of some interest in this is this offense is a quarter-time offense, which means that when your actual time served—

[Defense:] Objection, Your Honor. He's going into parole.

[The Court:] He's just arguing what the instructions say, Mr. Watson, I think.

[State:] Yes. It's a quarter-time offense, which means—and I'm just using 40 because it make its [sic] really easy for me to do the math. If you sentence him for forty—

[Defense:] I'll just object that it's not proper. It's in the instruction. The jury just doesn't need—they can read the instructions themselves. They don't need him talking about it. We just believe it's an improper closing argument.

[The Court:] I'll overrule your objection.

[State:] Take 40 years. Since it's a quarter-time offense he is eligible for parole when he has served ten years, but that's not ten years. That's actual time and good time. And if he gets one-for-one that would be five years actual time, five years good time, so he could be eligible for parole on 40 years in five. If you give him 60 it's 15 and it becomes seven-and-a-half. So when we're talking about the various punishments it's a quarter-time offense. He was on parole when this happened. As you tell by looking at, I think it's State's 11, he got a seven-year sentence and he was actually out on the street within, what, three, and two-and-a-half. Now, also everything over 60 years is treated as 60, so it's all 15.

The prosecutor went on to discuss Hardin's prior convictions and told the jury, "[T]he State is asking for the max." The jury found the enhancement allegations true and assessed punishment at 99 years. The trial court rendered judgment on the jury's verdict, and Hardin now appeals.

## DISCUSSION

### *Standard of review*

We review a trial court's ruling on an objection to improper jury argument for an abuse of discretion. *Nzewi v. State*, 359 S.W.3d 829, 841 (Tex. App.—Houston [14th Dist.] 2012,

2

pet. ref'd) (citing *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010)). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App.1990). "[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).

*Analysis*

In his sole point of error, Hardin argues that the prosecutor's comments were improper because the comments encouraged the jury to consider parole law in calculating Hardin's sentence.

As required by statute, the trial court instructed the jury that it could "consider the existence of the parole law and good conduct time" but could not "consider the manner in which the parole law may be applied to this particular [d]efendant." *See* Tex. Code Crim. Proc. art. 37.07, § 4(b).[1] We have interpreted these instructions to allow the jury to consider the defendant's eligibility for parole but not whether or when the defendant will actually be released on parole. *Branch v. State*, 335 S.W.3d 893, 907 (Tex. App.—Austin 2011, pet. ref'd) ("Branch contends that the prosecutor's statements were improper. We agree . . . . Here, the prosecutor did not state that Branch would be *eligible* for parole in a certain number of years, but rather stated that Branch would

---

[1] Article 37.07, section 4(b) governed the jury charge in this case because the offense was punishable as a first-degree felony and a prior conviction was alleged for enhancement under Texas Penal Code section 12.42(d).

3

be *out of prison* in that amount of time."); *see Taylor v. State*, 233 S.W.3d 356, 360 (Tex. Crim. App. 2007) (Womack, J., concurring) (quoting *Byrd v. State*, 192 S.W.3d 69, 77 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (Frost, J., concurring)) ("[T]he jury may base its assessment of punishment in part on consideration of a sentenced defendant's parole eligibility under the formula contained in the instruction; however, a jury may not base its assessment of punishment on speculation as to when, if ever, the defendant may be released on parole after becoming eligible for parole."); *Waters v. State*, 330 S.W.3d 368, 373–74 (Tex. App.—Fort Worth 2010, pet. ref'd) (adopting Judge Womack's concurrence). A prosecutor may properly discuss parole eligibility during jury argument because in doing so a prosecutor is merely explaining and clarifying the jury charge. *See Taylor*, 233 S.W.3d at 359; *Branch*, 335 S.W.3d at 907 (noting that "the State may attempt to clarify the meaning of the jury instructions pertaining to parole law and good-conduct time").

Much of the prosecutor's argument in this case was proper because it referred to Hardin's parole eligibility and was in accordance with the court's instructions. "It was not improper for the prosecutor to accurately restate the law given in the jury charge nor was it improper for the prosecutor to ask the jury to take the existence of that law into account when assessing punishment." *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004). It was also not improper for the prosecutor to discuss the lengths of hypothetical sentences and to refer to Hardin specifically by using the pronouns "he" and "him" instead of referring to a hypothetical defendant. *See Taylor*, 233 S.W.3d at 360.

Hardin, however, also contends that it was improper for the prosecutor to argue that Hardin "was on parole when this happened" and that Hardin "got a seven-year sentence and he was

4

actually out on the street within, what, three, and two-and-a-half." According to Hardin, these comments imply that the length of time Hardin actually served for a previous offense was relevant to determining the length of time Hardin may actually serve for the current offense. We agree.

Although the State had properly introduced evidence of prior convictions, the prosecutor was not entitled to use that evidence to argue that Hardin would actually be paroled before he had served the entire sentence assessed by the jury. *See Clark v. State*, 643 S.W.2d 723, 725 (Tex. Crim. App. 1982) ("Although the State is correct in noting that the prison records were in evidence, the records were introduced solely for the purpose of establishing appellant's prior record. The records were not and could not be introduced for the purpose of showing the jury how the parole laws operate . . . ."); *see also Henderson v. State*, No. 11-10-00182-CR, 2012 WL 2151483, at *3 (Tex. App.—Eastland June 14, 2012, pet. ref'd) (mem. op., not designated for publication) ("The State's references to how long Appellant had served for his previous sentence were an invitation for the jury to consider parole in its calculation of appropriate punishment."). Here, the prosecutor implicitly asked the jury to consider not only when Hardin would become *eligible* for parole but also when Hardin might *actually be released* on parole. *See Branch*, 335 S.W.3d at 907. By implying that the jury should increase Hardin's sentence because Hardin would soon be "actually out on the street," the prosecutor was impermissibly asking the jury to consider how parole law would be applied to Hardin in particular. *See* Tex. Code Crim. Proc. art. 37.07, § 4(b) ("You are not to consider the manner in which the parole law may be applied to this particular defendant."); *Hawkins*, 135 S.W.3d at 84 ("[T]he jury is simply prohibited from considering how parole law and good time would be applied to a particular defendant.").

5

Having concluded that the prosecutor's comments were improper, we now consider whether these comments constitute reversible error. The improper use of parole law during jury argument is non-constitutional error that "must be disregarded" if it "does not affect substantial rights." Tex. R. App. P. 44.2(b); *Perez v. State*, 994 S.W.2d 233, 237 (Tex. App.—Waco 1999, no pet.); *see Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000) ("[M]ost comments that fall outside the areas of permissible argument will be considered to be error of the nonconstitutional variety."). To determine whether Hardin's substantial rights were affected, "[w]e balance three factors: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed)." *Hawkins*, 135 S.W.3d at 77; *see also Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (listing three harm-analysis factors); *Perez*, 994 S.W.2d at 237–38 (applying *Mosley* factors).

Under the first factor, the severity of the misconduct, we note that the improper comments were not offhand and isolated; they were part of the prosecutor's overall argument that the jury should impose the maximum sentence possible. The prosecutor mentioned parole again twice in his rebuttal argument: "He's on parole for burglary and what's he doing out there? He runs from the cops." "I know even if you put 99 on there . . . [h]e will [be] eligible for parole potentially in eight years, but he's out there at 4:00 in the morning scouting, scoping out for another burglary." On the other hand, most of the prosecutor's parole argument focused on when Hardin would become eligible; his improper comments concerning when Hardin might actually be released were brief.

Under the second factor, curative measures, the trial court overruled Hardin's objections and gave no limiting instruction to the jury. The only curative measure appearing in the record was the trial court's instructions to the jury on punishment, which accurately quoted the language on parole law mandated by Texas Code of Criminal Procedure article 37.07, section 4(b). We generally presume that a jury will follow the trial court's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

Under the third factor, the certainty of the punishment assessed, we conclude that the jury would likely have given Hardin the same punishment even if the prosecutor had not made the improper comments. The State introduced evidence of more than ten prior convictions and argued that Hardin had a "career" of crime. In addition, the jury viewed a video showing part of the lengthy and dangerous vehicle chase that Hardin initiated and heard evidence that one of the officers sustained minor injuries while pursuing Hardin on foot. Finally, even if the prosecutor had not made the improper comments, the jury would still have been able to consider parole law in its deliberations based on the trial court's instructions and the proper portions of the prosecutor's argument.

Balancing these three factors, we conclude that the prosecutor's improper comments were harmless and did not affect Hardin's substantial rights. We therefore overrule Hardin's sole point of error.

## CONCLUSION

Having overruled Hardin's sole point of error, we affirm the judgment of conviction.

7

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   March 25, 2015

Do Not Publish